SCHLEMMER, ADMINISTRATOR, *v.* SCHENDORF.

[No. 2,424. Filed March 31, 1898. Rehearing denied June 16, 1898.]

APPEAL AND ERROR.—*Bill of Exceptions.*—A bill of exceptions filed during the term of court in which the motion for a new trial was overruled and exceptions were taken is properly a part of the record, although it is not shown that time was given to present the bill. *pp. 448, 449.*

DECEDENTS' ESTATES.—*Witnesses.—Competency.—Practice.—Bills and Notes.—Loss of Note.*—Section 506, Burns' R. S. 1894, makes adverse parties incompetent as witnesses in an action against a decedent's estate as to matters occurring during the lifetime of decedent, but under section 510, Burns' R. S. 1894 the court may in its discretion require any party to a suit to testify. No error was committed in permitting the wife of decedent, in an action by her against her deceased husband's estate, on a promissory note, to testify over objection as to the loss of the note in suit, such permission being an exception because of necessity, to prevent a failure of justice. *pp. 449-452.*

BILLS AND NOTES.—*Voluntary Destruction of Note by Holder.*—Where a wife, under the influence of strong feeling, induced by cruel and unmanly treatment by her husband, destroyed a note held by her against him, such destruction will not amount to a discharge and satisfaction of the debt where no fraudulent design is shown. *pp. 452-455.*

From the Montgomery Circuit Court.  *Affirmed.*

*E. C. Snyder*, for appellant.

*G. W. Paul* and *H. D. Van, Cleave*, for appellee.

BLACK, J.—The appellee, Emma Schendorf, filed her claim against the estate of her deceased husband, Nicholas Schendorf, of which the appellant is the administrator, with the will annexed.  The statement of claim consisted of two paragraphs, and the cause was tried without an answer, the finding for the appellee showing by the amount thereof that the court found for her upon both paragraphs of the statement.  The appellant's motion for a new trial was overruled.

There is no dispute as to the right of the appellee to recover upon the first paragraph of her statement of claim, but the question is presented as to whether the amount of the recovery was too large to the extent of the sum allowed under the second paragraph, and it is urged that there was error in the introduction of certain evidence in support of that paragraph.  It is suggested on behalf of the appellee that the bill of exceptions, without the presence of which in the record these matters could not be considered, cannot properly be regarded as part of the record.

The motion for a new trial was filed and was overruled at the term at which the trial was had and the finding was made.  On the day on which the motion was overruled, and at the same appearance of the parties, being on the 5th day of March, 1897, the appellant filed the bill of exceptions containing the evidence.  The final portion of the bill, preceding the signature of the judge, is as follows: "And the said defendant now here tenders this his bill of exceptions, and prays that the same may be signed, sealed and

made a part of the record, which is done this 5th day of March, 1897." Objection is made to this bill on the ground that the record does not show that, at the time the trial court ruled upon the motion for a new trial, the appellant asked for time in which to file a bill of exceptions, or that the court allowed any time in which the appellant might present the bill, and on the ground that the date of presentation is not shown in the bill.

It was held by this court in *Noblesville, etc., Co.* v. *Teter*, 1 Ind. App. 322, that, "under the provisions of the code of 1881, a bill of exceptions may preserve and bring into the record exceptions taken at the term at which it is signed and filed, and evidence given, and exceptions to rulings made, on the trial of a cause in which a motion for a new trial has been overruled at the term at which the bill is signed and filed, though the entry does not show that any time was allowed for the presentation of the bill, and the date of presentation be not stated in the bill. This court in such case will presume that time within the term for the presentation of the bill to the judge was given by parol at the proper time, and that the bill was presented to the judge within the time so allowed, and will regard the purpose of the statutory requirement that the date of presentation shall be stated in the bill as having been accomplished." We cannot sustain the appellee's objections to the bill before us.

The claim was filed on the 15th of October, 1896. The second paragraph of the statement of claim was based upon a promissory note not governed by the law merchant for $180.00 with interest at 8 per cent. per annum and attorney's fees, dated January 23, 1892, payable two years after date, made by the decedent to the appellee. It was alleged in the statement of

claim that the original note was lost, or mislaid so that it could not be found. One of the claimant's witnesses testified that he drew up three notes, one for $500.00, another for $180.00 and one for $80.00, the notes being the same in form, except as to the amounts and dates of payment; that they were all executed by the decedent to the claimant, who took possession of them at the time they were executed; that the consideration of the notes was the settlement of a certain suit of the claimant against the decedent then pending in the court below. This witness stated the contents of the note for $180.00, the copy given by the witness corresponding with that set out in the second paragraph of the statement of claim. Afterward, in the course of the trial, the appellee having testified as a witness that she was the plaintiff and was the widow of Nicholas Schendorf, her counsel "read the alleged copy of the alleged lost note set out in the second paragraph of the complaint," and asked her what became of that note. The bill of exceptions shows, that " to this question the defendant objected, for the reason that the plaintiff was not a competent witness to testify as to anything that occurred during the lifetime of her husband, and that unless it was intended to show by the witness that the note was lost after the death of her husband, she ought not to be permitted to testify." The court overruled this objection, and "stated that he would hear the evidence of the witness as to the loss of the note." The claimant then testified as follows: "I took that note one day, when it came due, and asked my husband to pay me. He refused, and we had some words about it. .He cursed and abused me, and made me cry. I did not want to quarrel with my husband, and I then put the note in the stove and burned it up. As I shall answer to God, that is the way it was." It will be observed that sec-

ondary evidence of the contents of the note in suit was introduced without objection.  The claimant was not asked to testify as to the contents of the note, but was asked to state what became of that note, the contents of which had been proved.

The statute, section 506, Burns' R. S. 1894 (498, Horner's R. S. 1897), provides, that "In suits or proceedings in which an executor or administrator is a party, involving matters which occurred during the lifetime of the decedent, where a judgment or allowance may be made or rendered for or against the estate represented by such executor or administrator, any person who is a necessary party to the issue or record, whose interest is adverse to such estate, shall not be a competent witness as to such matters against such estate."  In section 510, Burns' R. S. 1894 (502, Horner's R. S. 1897), it is provided that in any case referred to in section 506 (498), *supra,* "any party to such suit shall have the right to call and examine any party adverse to him as a witness, or the court may, in its discretion, require any party to a suit or other person to testify, and any abuse of such discretion shall be reviewable on appeal."  In *Milam* v. *Milam*, 60 Ind. 58, which was a claim against a decedent's estate upon a note alleged to be lost, the action of the trial court in permitting the claimant to testify, over objection, to the loss of the note, and that it was lost by her out of her own possession, was sustained upon appeal.  The statute then provided that in such case, "neither party shall be allowed to testify as a witness unless required by the opposite party or by the court trying the cause."

The court referred to the general rule of the common law that parties were incompetent as witnesses, and to the fact that there were exceptions to that rule on account of necessity, to prevent a failure of justice, and quoted from Greenleaf on Evidence a passage, a

part thereof being as follows: "If a deed or other material instrument of evidence is lost, it must first be proved,  *  *  * that such a document existed; after which the party's own oath may be received to the fact and circumstances of its loss, provided it was lost out of his own custody." The court was of the opinion that it was not the intention of our statute to narrow the common law rules as to the admissibility of witnesses to testify, and that in adopting the general rule of that law as to the admissibility of the particular class of parties named in the above quotation from the statute then in force, it adopted it with its exceptions, and it was held that the case before the court fell within such exceptions, and that the trial court had not erred in permitting the witness to testify. Under the authority of this case we must hold that, upon the objection of the appellant to the competency of the claimant to testify as to anything that occurred during the lifetime of the decedent, the court below did not err in deciding to hear the testimony of the witness as to the loss of the note.

It is contended further, on behalf of the appellant, that there could be no recovery upon the note because of the manner in which it was shown to have been destroyed by the act of the party now suing upon it. It is quite plain upon the whole evidence that there ought to be a recovery upon the second paragraph of claim, if there was legitimate proof of the note. Whatever may have been the rule at one time, not every suit upon a destroyed note is now defeated upon the mere reason that its destruction was the voluntary act of the party seeking to recover upon it.

In *Riggs* v. *Tayloe*, 9 Wheat. 483, it was said: "It is further contended, that it appears from the plaintiff's own showing, the destruction or loss of the writing was voluntary, and by his default; in which case, he

ought not to be permitted to prove its contents. It will be admitted, that where a writing has been voluntarily destroyed, with an intent to produce a wrong or injury to the opposite party, or for fraudulent purposes, or to create an excuse for its nonproduction, in such cases, the secondary proof ought not to be received; but in cases where the destruction or loss (although voluntary) happens through mistake or accident, the party cannot be charged with default." · In *Bagley* v. *McMickle*, 9 Cal. 430, it was said: "The object of the rule of law which requires the production of the best evidence of which the facts sought to be established are susceptible, is the prevention of fraud; for, if a party is in possession of this evidence, and withholds it, and seeks to substitute an inferior evidence in its place, the presumption naturally arises, that the latter evidence is withheld for fraudulent purposes which its production would expose and defeat. When it appears that this better evidence has been voluntarily and deliberately destroyed, the same presumption arises, and unless met and overcome by a full explanation of the circumstances, it becomes conclusive of a fraudulent design, and all secondary or inferior evidence is rejected. If, however, the destruction was made upon an erroneous impression of its effect, under circumstances free from suspicion of intended fraud, the secondary evidence is admissible. The cause or motive of the destruction is then the controlling fact which must determine the admissibility of this evidence in such cases." In *Tobin* v. *Shaw*, 45 Me. 331, it was said, that when the document has been destroyed by the party moving to prove its contents, the burden is upon him to show, affirmatively, circumstances which negative the fraudulent design. See, also, *Joannes* v. *Bennett*, 5 Allen (Mass.) 169; *Blade* v. *Noland*, 12 Wend. 173, 27 Am. Dec. 126. In *Speer* v.

*Speer*, 7 Ind. 178, 63 Am. Dec. 418, it was held, that the voluntary surrender and destruction of an unrecorded deed may have the effect of devesting the title of the grantee by estopping him from proving the contents of the destroyed instrument and thus disabling him to establish title in himself.    In *Thompson* v. *Thompson*, 9 Ind. 323, 68 Am. Dec. 638, it was held that where the grantor of real estate got possession of the deed of conveyance by delivery from the grantee, or with his consent, the latter could not recover the land because of his voluntary destruction of the evidence of title; that he could not be permitted to allege that the deed was lost and thereupon give evidence of its contents, when he had surrendered it to be canceled.    In *Rudolph* v. *Lane*, 57 Ind. 115, the rule was stated to be, that where a party purposely, and apparently with a fraudulent design, destroys a writing, he will not be permitted to give parol evidence of its contents, without first introducing evidence to rebut the suspicion of fraud arising from his act.    In *Old National Bank* v. *Findley*, 131 Ind. 225, it was said of *Thompson* v. *Thompson, supra*, that the person who, in that case, destroyed the instrument might have reaped some advantage from the destruction, and that the same was substantially true of *Speer* v. *Speer, supra*. As was said in *Fisher* v. *Mershon*, 3 Bibb. 527, in nearly every case where writings are lost, negligence in a greater or less degree, is imputable to the owner.

The testimony of the appellee showed that in destroying the original evidence, she acted under the influence of strong feeling, caused by the cruel and unmanly treatment to which she had been subjected by the maker of the note, her husband.    It does not appear that the note was paid in whole or in part.    She took it one day when it came due and asked her husband to pay her.    Her request was met with unbear-

able abuse, which caused her to weep, and in the condition of mind thus induced, the wife destroyed the note. Her act of destruction of evidence was injudicious, but under the circumstances disclosed, it was attributable to other motive than fraudulent purpose. While the case is not wholly free from difficulty, yet. accepting as true the appellee's testimony, from which alone we know of the destruction of the note and of the manner in which it was destroyed, and of the reasons which influenced her conduct, it may be said that it was destroyed under circumstances which did not amount to a legal discharge and satisfaction, and which seem to repel all inference of fraudulent design. The judgment is affirmed.