## No. 9104.

## Smith *v*. Denver & Rio Grande Railroad Company.

Appeal and Error—*Law of the Case.* Action for negligence. Demurrer to complaint sustained upon the ground that plaintiff's action was barred by the limitation prescribed in Rev.

Stat. sec. 5512.  On error this judgment was reversed, the count declaring that the action being at Common Law, was not barred by the statute.  The case being remanded, defendant answered, and upon the trial a verdict was directed for defendant.  Plaintiff then prosecuted a second writ of error.

Prior to the filing of the record and assignment of errors, the court had, on another case, decided that the statute cited in the former opinion had taken away the Common Law action against railway companies for negligence, such as that here complained of.  Rhinehart Case, 61 Colo. 369.

The decision in 54 Colo. being appealed to, as the law of the case. *Held* that that decision being upon a mere point of pleading, and plaintiff's demand having never been reduced to judgment, plaintiff had no property right therein, and the claim asserted for it, as controlling, was rejected.

*Error to Denver District Court, Hon. John H. Denison, Judge.*

Mr. CARLE WHITEHEAD, Mr. ALBERT L. VOGL, Mr. WALTER C. BRINKER, JR., for plaintiff in error.

Mr. E. N. CLARK, Mr. J. G. McMURRY, for defendant in error.

Mr. Justice Bailey delivered the opinion of the court.

IN June, 1905, plaintiff while employed as telegrapher at Marshall Pass on a railroad operated by defendant lost his furniture and household goods by fire, which also destroyed the station where he was employed and lived, although at that time he was absent from his employment and residence. In November, 1908, plaintiff brought suit to recover damages for the value of his property so lost, on the ground that the damage had been occasioned by the negligence of the company in setting out the fire through a defective engine.  Defendant demurred to the complaint on the ground that the statute of limitations, sec. 5512, barred the action. That demurrer was sustained and plaintiff brought the action here for review.  We held in 54 Colo. 288, 130 Pac. 1009, that the action for the negligent burning was a common law action and therefore not affected by the statute,

and the cause was remanded with instructions to overrule the demurrer and proceed to trial.

The defendant then filed its answer and at the close of the trial interposed a motion for a directed verdict, which was sustained, and plaintiff again brings the case here for review.

Prior to the time the record and assignments of error were filed herein the case of *Rhinehart v. D. & R. G. R. R. Co.* was decided, 61 Colo. 369, 158 Pac. 149, in which it was held that section 5512, R. S. 1908, repeals the common law remedy relative to negligence in setting out fires by railroad companies. The sole question to be determined, therefore, is whether this case is to be ruled by the former opinion in this case or by the decision in the *Rhinehart* case.

It is vigorously contended that the parties herein are bound by the original decision, and that that opinion settles the question of plaintiff's common law right of action as "the law of the case." It may be true that what is once finally established between parties in the same controversy affecting property or contract rights, continues to be the law of that case, on general principles, whether correct or not. However, the former ruling of this court in this case fixed or settled nothing, except a right of action at common law, but as was said in *Mondou v. N. Y., N. H. & H. R. R. Co.*, 223 U. S. 1, 32 Sup. Ct. 169, 56 L. Ed. 327, 38 L. R. A. (N. S.) 44: "A person has no property, or vested interest, in any rule of the common law."

In *Railway Co. v. Merrill*, 65 Kansas 436, the Supreme Court there reversed a former opinion in the same case (61 Kan. 671, 60 Pac. 819), and in so doing, at page 451, said:

"Counsel for defendant in error have invoked the rule *stare decisis*, and insist that the former decision must govern on the second appeal. This would come to us with more force if we were not now considering the same case with the same parties before the court. If an erroneous decision has been made, it ought to be corrected speedily, especially when

it can be done before the litigation in which the error has been committed has terminated finally. We are fully satisfied that the rule in the former case is shattered by the pressing weight of opposing authority, and that reason is against it. In *Ellison v. Georgia Railroad Co.*, 87 Ga. 691, 13 S. E. 809, the learned Chief Justice Bleckley used the following language: 'Some courts live by correcting the errors of others and adhering to their own. * * * Minor errors, even if quite obvious, or important errors if their existence be fairly doubtful, may be adhered to and repeated indefinitely; but the only treatment for a great and glaring error affecting the current administration of justice in all courts of original jurisdiction is to correct it. When an error of this magnitude and which moves in so wide an orbit competes with the truth in the struggle for existence, the maxim for a Supreme Court, supreme in the majesty of duty as well as in the majesty of power, is not *stare decisis*, but *fiat justitia ruat coelum*'."

In that case the Kansas court refused to adopt the conclusion reached on a former appeal of the case. It was, therefore, the principle of "the law of the case" which was invoked, and not the rule *stare decisis*, as stated. The Kansas case is in this respect identical with the case at bar.

In *Center School Township v. State*, 150 Ind. 168, in speaking to the question of whether under the doctrine of "the law of the case" courts are bound by former construction of statutes in overruled cases, that court, at page 173, 49 N. E. 968, said:

. "The decisions of a court of last resort, the authorities assert, are not the law, but are only the evidence or exposition of what the court construes the law to be, and in overruling a former decision by a subsequent one, the court does not declare the one overruled to be bad law, but that it never was the law, and the court was therefore simply mistaken in regard to the law in its former decision. The first decision, upon the point on which it is overruled, is wholly obliterated, and the law as therein construed or de-

clared must be considered as though it never existed, and that the law always has been as expounded by the last decision. * * * This rule, however, is subject to the well settled doctrine that courts will not so apply a change made in the construction of the law, as it was held to be in the overruled case, as to invade what is considered vested rights, or in other words, while as a general rule the law as expounded by the last decision operates both prospectively and retrospectively, still courts are required to and do confine it in its operations so as not to impair vested rights, such as property rights, or those resting on contracts express or implied."

In this case it is plain that plaintiff has neither a property nor a contract right against the defendant. The case is in damages for tort. The claim has never been reduced to judgment, and has never taken on the characteristics of a contract. Whatever rights plaintiff originally had, he yet has. The former opinion of this court in this case neither enlarged nor contracted those rights, since that opinion did not make the law. It merely declared what the law was. If it made an erroneous decision upon that question that did not create a right in the plaintiff which the statute and the laws of the state did not give. What this court decided in the *Rhinehart* case fixes the law from the time the statute was enacted, and rules and governs every case and the rights of all parties from the date the statute went into effect, except where property and contract rights became vested and attached upon the authority of the prior decision. In this case, there being no property or contract right vested in plaintiff by that decision, it must be that the opinion in the *Rhinehart* case controls the right of plaintiff to now maintain this action, as it is manifest that there is nothing in the doctrine of "the law of the case" which precludes this court from applying the construction given the statute in the *Rhinehart* case to the case at bar. It was said in *Denike v. Denike,* 44 App. Div. 621, 60 N. Y. Supp. 110: "It is not the finding of the court or the verdict

of the jury rendered in an action that concludes the parties in subsequent litigation, but the judgment entered thereon."

The original opinion merely construed the statute without application to issuable facts. It awarded no final judgment. The construction there placed upon the law having been since overruled, we are of opinion that the right of action is barred.

The right of action being barred, no other question need be considered, and the judgment below, without reference to the reason given therefor, as a correct conclusion of the case, should be affirmed.

Judgment affirmed.

Mr. Chief Justice Garrigues and Mr. Justice Allen concur