## Reamer's Estate.

Argued April 30, 1934. Before SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*B. F. Madore,* with him *Robert Madore* and *Edgar A. Barnett,* for appellant.—A niece by adoption has the right to inherit through collateral relatives of an adopting parent: Cryan's Est., 301 Pa. 386; Senft's Petition, 15 D. & C. 792; Herner's Est., 19 D. & C. 313; Thomas's Est., 2 D. & C. 89; Russell's Est., 284 Pa. 164.

*Frank E. Colvin,* for appellee, cited: Boyd's Est., 270 Pa. 504; Miles's Est., 272 Pa. 329; Burnett's Est., 219 Pa. 599.

PER CURIAM, May 21, 1934:

When decedent died intestate, her next of kin, if limited to blood relationship, were first cousins. The register of wills, upon their nomination, appointed an administrator of the estate. She was also survived by an adopted daughter of her deceased sister, the former not being, however, of the blood of decedent. The adopted child subsequently nominated the present appellant to the office of administrator, and he filed a petition with the register asking that the original grant of letters be revoked, and that he be appointed in the place and stead of the original appointee. The register dismissed the petition, and, on appeal to the orphans' court, his decision was sustained. This appeal followed. Admittedly, since one who has no financial interest in an intestate estate has no standing to nominate an administrator for it, the only question now involved is does the adopted daughter of a deceased sister, not herself of the blood of decedent, inherit a portion of decedent's estate, in preference to first cousins who are of that blood? We agree with the court below that she does not.

This controversy seems to be a perennial one. Over and over again, we have been unsuccessfully urged to decide that adopted children, merely by reason of their adoption, acquired a right to a share in the estates of deceased relatives of the predeceased adopting parent, but all such attempts have met with failure. Section

16 (a) of the Intestate Act of June 7, 1917, P. L. 429, 439, because of which, if at all, an adopted child's claim must be established, provides as follows: "Any minor or adult person adopted according to law and the adopting parent or parents, shall, respectively inherit and take by devolution *from and through each other* personal estate as next of kin and real estate as heirs, under the provisions of this act, as fully as if the person adopted had been born a lawful child of the adopting parent or parents." Despite the care and skill evidenced by the brief of appellant's counsel, there is nothing new in the argument now presented to us. We repeat what we have always heretofore said, that the estate which an adopted child is entitled to have is limited by the statute, to one which comes "from and through" the adopting parent, and that an estate in which the latter never had any interest, cannot possibly go to the adopted child since it cannot be derived "from" or "through" the adopting parent. As the rights of the adopted child and the adopting parent are reciprocal, under the section of the statute quoted, it necessarily follows, if appellant's contention is correct, that if either dies the survivor will take, at no matter what lapse of time, whatever the other would have taken, if living, irrespective of the source from which the estate comes.

This is not possible under the existing law, and we need only recall attention to what we said in Russell's Est., 284 Pa. 164, 168-9: "We do not minimize the fact that the legislature has passed statute after statute enlarging the rights of adopted children...... Our question, however, is not what has been the legislative trend on this subject, but whether it has been so far extended as to cover the instant case? We are clear it has not, and in addition to the cases [already] cited......reference may be made also to Puterbaugh's Est., 261 Pa. 235, and Yates's Est., 281 Pa. 178, as showing the care exercised in not extending the adoption statutes beyond their clear import. Instead of passing a general act,

giving to adopted children all the rights of those who are natural born, the legislature has chosen,......to advance step by step, and we cannot properly do otherwise than to follow where it leads; hence, since the supposed rights of an adopted child have not been extended to cover the situation here presented, we can only repeat what we said in Boyd's Est., 270 Pa. 504, 507: "If it is deemed wise to provide that adopted children shall have the rights here claimed for them, the legislature can extend the law to cover them; we.cannot."

The order of the court below is affirmed at the cost of appellant.