## McKee's Estate

*A. P. Weitzel* and *Smith, Buchanan, Scott & Ingersoll,* for accountant.

*Bradley McK. Burns,* for Commonwealth.

Before Trimble, P. J., Mitchell and Chalfant, JJ.

CHALFANT, J., April 12, 1937.—Decedent, a widow, bequeathed $25,000 in trust for the minor son of her adopted daughter, and named him and his sister as remaindermen in two other trusts. The auditing judge allowed the claim of the Commonwealth for inheritance tax at the rate of 10 percent, to which exceptions were filed on the ground that the legatees take as lineal descendants.

Section 2 of the Act of June 20, 1919, P. L. 521, imposes a tax of two percent upon property passing to "children, lineal descendants born in lawful wedlock, legally adopted children", etc.

The mother of the minor legatees was adopted under the Act of June 1, 1911, P. L. 539, which provided that "the person thus adopted shall be taken and deemed in law to be a child and heir of the adopting parent, having all the rights and being subject to all the duties of a child and heir, and the adopting parent shall be taken and deemed in law to be the parent of the person thus adopted, having all the rights and being subject to all the duties of a parent; and they shall respectively inherit and take by devolution, from and through each other, property of whatsoever nature, as fully as if the person adopted had been born the lawful child of the adopting parent, subject only to payment of the collateral inheritance tax now or hereafter required by law".

Section 16(a) of the Intestate Act of June 7, 1917, P. L. 429, provides:

"Any minor or adult person adopted according to law, and the adopting parent or parents shall, respectively, inherit and take, by devolution from and through each other, personal estate as next of kin, and real estate as heirs, under the provisions of this act, as fully as if the person

adopted had been born a lawful child of the adopting parent or parents".

Counsel for exceptants state their position in this manner:

"Our contention is that inasmuch as adopted children and their children are given equal rights of inheritance with natural children and their children: See section 16, Intestate Act of 1917, supra, and Webb's Estate, 250 Pa. 179; and inasmuch as the legislature has now seen fit to treat adopted children in the same manner as natural children for the purposes of taxation, the statute should be construed to include all direct descendants of adopted children in the exemption from the 10 percent rate".

In our opinion this question is answered by the decision in Reamer's Estate, 315 Pa. 148. The controversy in that case arose over the granting of letters of administration where decedent left to survive her first cousins as next of kin, and also an adopted daughter of a deceased sister. The court in a per curiam opinion said, at page 149:

". . . the only question now involved is does the adopted daughter of a deceased sister, not herself of the blood of decedent, inherit a portion of decedent's estate, in preference to first cousins who are of that blood? We agree with the court below that she does not.

"This controversy seems to be a perennial one. Over and over again, we have been unsuccessfully urged to decide that adopted children, merely by reason of their adoption, acquired a right to a share in the estates of deceased relatives of the predeceased adopting parent, but all such attempts have met with failure. Section 16 (a) of the Intestate Act of June 7, 1917, P. L. 429, 439, because of which, if at all, an adopted child's claim must be established, provides as follows: 'Any minor or adult person adopted according to law and the adopting parent or parents, shall, respectively inherit and take by devolution *from and through each other* personal estate as next of kin and real estate as heirs, under the provisions of

this act, as fully as if the person adopted had been born a lawful child of the adopting parent or parents'. Despite the care and skill evidenced by the brief of appellant's counsel, there is nothing new in the argument now presented to us. We repeat what we have always heretofore said, that the estate which an adopted child is entitled to have is limited by the statute, to one which comes 'from and through' the adopting parent, and that an estate in which the latter never had any interest, cannot possibly go to the adopted child since it cannot be derived 'from' or 'through' the adopting parent. As the rights of the adopted child and the adopting parent are reciprocal, under the section of the statute quoted, it necessarily follows, if appellant's contention is correct, that if either dies the survivor will take, at no matter what lapse of time, whatever the other would have taken, if living, irrespective of the source from which the estate comes.

"This is not possible under the existing law, and we need only recall attention to what we said in Russell's Est., 284 Pa. 164, 168-9: 'We do not minimize the fact that the legislature has passed statute after statute enlarging the rights of adopted children. . . . Our question, however, is not what has been the legislative trend on this subject, but whether it has been so far extended as to cover the instant case? We are clear it has not'."

The children of the adopted daughter are not of the blood of decedent: Cave's Estate, 27 D. & C. 646; and therefore, not lineal descendants. Nor do they come within any other of the classes mentioned in the act as being subject to a tax of 2 percent.

We find no error in the decree of the auditing judge.

### Decree

And now, to wit, April 12, 1937, upon consideration of the foregoing case, it is ordered, adjudged, and decreed that the exceptions be dismissed and the decree of the auditing judge be affirmed.