## Reamer's Estate.

118

Argued May 10, 1938.  Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN and STERN, JJ.

*Edgar A. Barnett,* with him *Robert Madore, B. F. Madore* and *John A. Minnich,* for appellant.

*Harry C. Liebman,* with him *Charles R. Mock, John H. Jordan, Thomas J. Itell* and *S. R. Longenecker,* for appellees.

OPINION BY MR. JUSTICE STERN, June 17, 1938:

Mary Kerns Reamer died in 1932, intestate, unmarried, and without issue.  She was survived by nine first cousins and by appellant, Muriel Elizabeth Peale, who

was the legally adopted daughter of Ida Ambrose Reamer, a previously deceased sister. The register of wills appointed as administrator a person designated by the cousins. A nominee of appellant sought to have the letters of administration revoked and himself appointed, but his petition was dismissed by the register. This decision was sustained by the orphans' court, and, on appeal, by this court *(Reamer's Estate,* 315 Pa. 148) on the ground that, under section 16 (a) of the Intestate Act of 1917, P. L. 429, appellant did not inherit from decedent and had no interest in the estate.

The administrator filed his account, exceptions by appellant were dismissed, and the account was referred to an auditor. His report, recommending distribution of the estate among the cousins, was confirmed absolutely in 1934.

In 1937 appellant presented to the orphans' court her petition to vacate and review the decree of confirmation, because on May 17, 1937, this court, in *Cave's Estate,* 326 Pa. 358, decided that an adopted child has the same right of inheritance from the collateral kindred of his adoptive parents as a natural child would have.[1] Under the law as thus declared appellant is the sole heir of decedent. Practically none of the estate has been actually distributed. Appellant's contention that she was entitled, under section 48 of the Fiduciaries Act of 1917, P. L. 447, to a rehearing of the auditor's report and to a correction of error manifest upon the face of the record, was rejected by the orphans' court, which dismissed her petition for a review

In *Cave's Estate* the statement in *Reamer's Estate* that appellant was not entitled to inherit from decedent was characterized as dictum, but it was said that the decision there rendered was justified because, appellant not being a kinswoman or a "relation" of decedent *(McCully's Estate,* 8 W. N. C. 14), the register was at lib-

---

[1] The decision in *Cave's Estate* was approved and followed in *Fisher v. Robison,* 329 Pa. 305.

erty to appoint as administrator "any fit person at his discretion." It is now pointed out by appellees, the cousins of decedent, that even in that event their nominee could not have been preferred over that of appellant unless the court had concluded that they were the rightful heirs, since administration is properly confined to one having an interest in the estate: *Friese's Estate,* 317 Pa. 86, 89. Giving to the decision in *Reamer's Estate* the force they thus ascribe to it, we nevertheless are of opinion that, as will be shown, appellant's position in the present controversy is not impaired thereby.

Appellant undoubtedly is entitled to a review of the decree of confirmation of the auditor's report. The right to such review exists for the correction of errors of law apparent upon the face of the record: *Bailey's Estate,* 208 Pa. 594, 598; *Troutman's Estate,* 270 Pa. 310, 320;[2] *Bailey's Estate,* 291 Pa. 421, 424. Indeed, in *Willing's Estate,* 288 Pa. 337, 343, it was declared that the power of review had been extended by the Fiduciaries Act and relief should be granted "where justice and equity require, and no one suffers thereby." (See also *Bailey's Estate,* 291 Pa. 421, 423.) The situation is therefore as if the decree of distribution were being considered de novo, and the question arises whether, it now being clear that appellant is entitled to decedent's estate, she is to be denied her right thereto because of the erroneous decision made by the court in connection with the appointment of the administrator.

It has consistently been held that a ruling of law by an orphans' court in dealing with the distribution of a

---

[2] In *Troutman's Estate* it was said, p. 320: "Of course, if the question at issue had been raised, contested and decided adversely, a petition of review could not be substituted for exceptions and an appeal." In the present case no contest was made upon the auditor's report and upon the decree as to which the present review is sought. Appellant did not appear before the auditor nor present a claim, being evidently under the impression that any opposition on her part would have been fruitless in view of the decision in regard to the appointment of the administrator.

portion of an estate is not binding upon a subsequent adjudication relating to another portion. While errors committed with regard to one fund may be irremediable as to it, they do not impose upon the court the necessity of persisting in the same errors in the disposition of a subsequent fund: *Kellerman's Estate*, 52 Pa. Superior Ct. 412; 242 Pa. 3. It was said by the Supreme Court in that case (pp. 12, 13) : "But the rule of estoppel does not extend to the law which was applied in the earlier distribution to the facts there ascertained when it comes to the second distribution. Though the decree in the first may have rested on a mistaken application of a rule of law—a circumstance which can only be inquired into on appeal—so long as the decree stands it is conclusive with respects to all rights in the fund distributed; but it cannot be made the basis of an estoppel when another distinct fund is to be distributed though it be part of the same estate. The law applied in the first distribution if inapplicable, is not the law of the case; the duty of the auditing judge in distributing on a second amount is to distribute according to law, just as this is the duty of a judge in the first distribution; and in discharging this duty he must be free to disregard a decision of his own, or that of another, upon the same bench, which as he is better informed he would reject. . . . The plain logic of this is that the distributions are wholly distinct and separate, each having its own subject-matter, and are to be treated as though they were two separate actions at law between the same parties, and such questions of fact as had been passed upon in the earlier are not open to dispute in the later. Estoppel does not extend beyond this." [3]

If, then, the law applied by the orphans' court to an adjudication distributing one fund need not be followed in a subsequent distribution of another fund in the same

---

[3] The distinction thus made regarding decisions of law and questions of fact arising in successive distributions of the funds of an estate is elaborated in *Havir's Estate*, 283 Pa. 292.

estate, it would seem *a fortiori* that an erroneous principle of law which is made the basis of a decision determining the appointment of the administrator is not binding upon the court in a subsequent proceeding in the estate in connection with the wholly distinct subject of distribution.

Appellees place their chief reliance upon the fact that the controversy as to the administrator was appealed to this court, and they contend that thereby the decision rendered became "the law of the case."

The doctrine of "the law of the case" is that, when an appellate court has considered and decided a question submitted to it upon appeal, it will not, upon a subsequent appeal on another phase of the same case, reverse its previous ruling even though convinced that it was erroneous. This rule has been adopted and frequently applied in our own State. It is not, however, inflexible. It does not have the finality of the doctrine of *res judicata*. "The prior ruling may have been followed as the law of the case but there is a difference between such adherence and *res judicata;* one directs discretion, the other supersedes it and compels judgment. In other words, in one it is a question of power, in the other of submission": *Southern Railway Co. v. Clift,* 260 U. S. 316, 319. The rule of "the law of the case" is one largely of convenience and public policy, both of which are served by stability in judicial decisions, and it must be accommodated to the needs of justice by the discriminating exercise of judicial power. Thus there is an abundance of authority[4] to the effect that where a prior decision is palpably erroneous, it is competent for the court, not as a matter of right but of grace, to cor-

---

[4] See cases collected in 4 C. J. 1099-1100, section 3078; 5 C. J. S. 1277-1278, section 1824; 2 R. C. L. 226, section 188; 1 A. L. R. 1267 et seq.; 67 A. L. R. 1390 et seq. See also *McGovern v. Kraus,* 227 N. W. 300, 200 Wis. 64, and the review of the origin and development of the doctrine of the law of the case in *City of Hastings v. Foxworthy,* 63 N. W. 955, 45 Neb. 676.

rect it upon a second review where no wrong or injustice will result thereby, where no rights of property have become vested, where no change has been made in the status of the parties in reliance upon the former ruling, and where, following the decision on a former appeal, the court in another case has laid down a different rule either expressly or by necessary implication overruling the previous decision: *Smith v. Denver & Rio Grande R. R. Co.*, 180 Pac. 683, 66 Colo. 510; *United Shoe Machinery Co. v. Ramlose*, 132 S. W. 1133, 231 Mo. 508; *Meyers v. Dittmar*, 47 Tex. 373; *Shell Oil Co. v. Henry*, 27 Pac. (2d) 582, 175 Wash. 298; *Matthews v. Matthews*, 48 N. E. 531, 154 N. Y. 288; *Johnson v. Cadillac Motor Car Co.*, 261 Fed. 878. Under such circumstances, an appellant on the second appeal does not ask for reconsideration of the principle established on the first, since such reconsideration has already been effected by the intermediate decision, but only that the court should now apply to the still pending proceedings the later rather than the earlier ruling upon the question involved.

In the present case, under the decree of the court below, the estate would be distributed to persons who are not entitled to it under the statutory law of the State, and the rightful heir would be wholly excluded. There is applicable to this situation what was said in a somewhat similar case by Judge HEAD in *Ehrhart's Estate*, 31 Pa. Superior Ct. 120, 122: "Of such a result, even when brought about under forms of law, we may properly say, in the language of Mr. Justice PAXSON in *Johnson's Appeal*, 114 Pa. 132, 'It was so gross a mistake as to amount to a legal fraud.' " The erroneous construction of the law in connection with the appointment of the administrator affords no basis in morals, in reason, or in law, for a conscious repetition of the same error in the distribution of the estate. The decision in *Reamer's Estate*, 315 Pa. 148, being out of accord with the previous judgment in *Cryan's Estate*, 301 Pa. 386, and with

the subsequent decision in *Cave's Estate*, 326 Pa. 358, was but an inconsistent interlude in the law of the subject with which it dealt, and the present situation is within both the letter and the spirit of those authorities in which it was held that the rule of the law of the case did not apply.

The leading cases in Pennsylvania involving the doctrine of the law of the case all present distinguishing features. In *Bolton v. Hey*, 168 Pa. 418, the court refused to reverse its decision rendered on a previous appeal, but the second appeal sought the same relief and was upon the same subject-matter as that on which the previous judgment had been rendered. In the present case the court is not asked to reverse the appointment of the administrator; that matter has been conclusively determined. The same observation applies to the case of *Pulaski Avenue*, 220 Pa. 276. In *Devine's Estate*, 199 Pa. 250, there was no intermediate overruling of the first decision; moreover, the parties estopped themselves by acts performed after the former ruling was rendered. In *Lafferty's Estate*, 230 Pa. 496, *Bailey's Estate*, 291 Pa. 421, and *Ottman v. Albert Company*, 327 Pa. 49, 60, 61, there was no change in the enunciation of the law between the first and the second appeals.

After the appointment of the administrator, some creditors of one of decedent's cousins issued attachments upon his interest in the estate. Their rights can rise no higher than those of their debtor, and these attachments do not create any equities which call for consideration.

Small sums of money have been distributed by the administrator to decedent's cousins under the court's decree of confirmation of the auditor's report. The review and the revision to be made will apply, under section 48 of the Fiduciaries Act, only to the property of the estate still in the possession and under the control of the administrator.

The decree of the court below is reversed, and the record remitted for the entry of a decree in accordance with this opinion; costs to be paid out of the estate.