## Ashhurst's Estate

Before Van Dusen, P. J., and Stearne, Sinkler, Klein, Bolger, and Ladner, JJ.

*David J. Knaus* and *Frederick J. Knaus*, for exceptant.
*Edwards F. Leiper, Jr.*, contra.

VAN DUSEN, P. J., June 3, 1938.—The testator died July 7, 1900. His will made provision for the children of Sallie W. Ashhurst. His will was dated March 15, 1892, and its codicil October 17, 1898. Sallie W. Ashhurst had no natural children, but she did adopt a child January 8,

1937, who is living. The learned auditing judge properly held that the adopted child did not take.

Exceptant argues earnestly that the decision in Cave's Estate, 326 Pa. 358, has radically altered the attitude of our law toward adopted children, and that they are to be treated as natural children of the adopting parent within the meaning of the will of a third person.

What Cave's Estate, supra, held was that adopted children take from collaterals through the adoptive parent like a natural child, thus giving effect to section 16 (a) of the Intestate Act of June 7, 1917, P. L. 429, which provided that the adopted person and the adopting person should "inherit and take by devolution from and through each other . . . as fully as if the person adopted had been born a lawful child of the adopting parent or parents." The decision or dictum to the contrary in Reamer's Estate, 315 Pa. 148, by which this court had felt bound, was overruled. The decision did not indicate any change of attitude. It merely gave effect to plain statutory language.

It is very far from a decision that when A in his will gives to the issue of B he means to include B's adopted children. The status of adopted children in such a case is now governed by section 16 (b) of the Wills Act of June 7, 1917, P. L. 403, by which children adopted before the date of the will are included in the description, but no others. The commissioners remarked:

"An extension to include children adopted after the date of the will would tend to defeat the intention of the testator."

It is easy to see the abuses which might arise if childless persons unable to have children could, by adopting children, defeat the rights of others and in effect divert the estate of the testator to persons who were strangers to his intention.

The exceptions are dismissed and the adjudication is confirmed absolutely.