## Bittner Estate

*Randall W. Snyder*, for accountant.

*Kenneth H. Koch*, for children of George Bittner.

*Wilber C. Creveling*, trustee ad litem, for George Bittner.

GEARHART, P. J., September 30, 1954.—Wilson J. Bittner died August 22, 1953, intestate. He was unmarried and left no children.

A question of distribution has arisen by reason of the fact that Wilson J. Bittner was the adopted son of Owen B. Bittner. The latter adopted decedent, Wilson J. Bittner, and his brother, George Bittner, in adoption proceedings in 1906. Decedent and George Bittner have a natural sister, Mrs. John H. Wettrau, who informally makes a claim to a share in this estate. We say "informally" for the reason that she has not appeared either in person or by counsel, but the accountant has called our attention to the fact that she is dissatisfied with the proposed schedule of distribution, which eliminates her as an heir of this decedent.

Owen B. Bittner, who adopted decedent and his brother, George Bittner, also had a natural son, Herbert R. Bittner, who survives. Owen B. Bittner died April 30, 1939.

The accountant has proposed distributing the balance in hand one half to Herbert R. Bittner and the other half to George Bittner, on the theory that the adoption of this decedent and his brother, George Bittner, by Owen B. Bittner, severed decedent from his natural family tree for purposes of inheritance, and engrafted him upon that of his new parent, Owen B. Bittner.

Section 8 of the Intestate Act of April 24, 1947, P. L. 80, provides:

"For purposes of descent by, from and through an adopted person he shall be considered the issue of his adopting parent or parents and not the issue of his

natural parents: Provided, That if a natural parent shall have married the adopting parent, the adopted person for purposes of descent by, from and through him shall also be considered the issue of such natural parent."

This provision of the Intestate Act was enacted with the decision of Cave's Estate, 326 Pa. 358 (1937), and Reamer's Estate, 331 Pa. 117 (1938), in mind, as appears by the commission's comment, wherein it is stated:

"This section is intended to retain the rule of Cave's Est. . . . and Reamer's Estate . . . and also the proviso of the Act of 1941, P. L. 424, 20 PS, §102. It is only the natural parent who marries the adopting parent and not the other natural parent whose status remains unchanged after adoption. 'Shall have married' covers any marriage whether before or after the adoption."

In Cave's Estate, supra, Mr. Justice Stern, now Chief Justice Stern, writing the opinion of the Supreme Court, exhaustively reviewed and discussed the various acts relating to adoption of children and the effect of such adoptions upon the inheritance rights of adoptees and adoptors. In Cave's Estate, the facts appear as follows: W. Lewis Cave died intestate, unmarried, and without issue. He was survived by four nephews and by Jean Cave, an adopted daughter of another nephew, Warren F. Cave, who died before decedent. The question raised was whether Jean Cave was entitled to receive a one-fifth part of decedent's estate. The court held that under section 16 of the Intestate Act of June 7, 1917, P. L. 429, Jean Cave, the adopted daughter of the deceased nephew, had the same right of inheritance from the collateral kindred of her father as a natural child of his would have.

Without discussing Cave's Estate at too great length, it suffices to say that the court, after quoting

from the language of the Act of 1917, concluded on page 366 of Cave's Estate:

"This severs the child from his natural family tree and engrafts him upon that of his new parentage 'for all purposes of inheritance'."

In Ottavi v. Timothy Burke Stripping Company, 140 Pa. Superior Court 389, it was stated on page 391:

"In Cave's Estate, 326 Pa. 358, 192 A. 460, it is demonstrated that in this state the law has advanced to the point where, for all purposes of inheritance and taking by devolution, the adoptive parent and adopted child bear to each other the same relationship as if joined by ties of blood, so that they are now qualified 'to inherit, not merely from one another, but from one another's relatives and kindred through the channel left open by the death of either.' (p. 365). Moreover, those naturally related to the adopted child are expressly excluded. Intestate Act of June 7, 1917, P. L. 429, §16, 20 PS §§101, 102; Fisher v. Robison, 329 Pa. 305, 198 A. 81."

Said Mr. Justice Allen M. Stearne, writing the opinion of the Supreme Court in Schwab Adoption Case, 355 Pa. 534, 536, citing Cave's Estate:

"In Pennsylvania a valid adoption severs the child from its natural family tree and engrafts it upon that of its new parentage. Thereafter the child attains the status, in law, of a natural child of the adopting parents."

Section 8 of the Intestate Act of 1947 was designed with the express intention to retain the rule of Cave's Estate, as shown by the commission's comment, hereinbefore referred to.

Likewise, the Wills Act of 1947, section 14, clause (6), 20 PS §180, dealing with the question of the inheritance rights of adopted children, is in accordance with the philosophy of the law that an adopted child, for purposes of inheritance, becomes the child

of the adopting family, and his relation with the family of his natural parents, for purposes of inheritance, is severed. The only exception is in the case where a natural parent is the spouse of an adopting parent. (See commission's comment, clause (6), page 329, 20 PS §180.14; see also Estates Act of 1947, clause (3), page 558, 20 PS §301.14).

Accordingly, we rule that for purposes of inheritance, the interest of Mrs. John H. Wettrau in the estate of her natural brother, Wilson J. Bittner, was severed when the latter was adopted by Owen B. Bittner in 1906, and on the other hand, Herbert R. Bittner, the natural son of Owen B. Bittner, became for purposes of inheritance, the legal brother of Wilson J. Bittner and George Bittner.

Accordingly, the balance in hand will be distributable in equal shares to Herbert R. Bittner and George Bittner, as set forth in the proposed schedule of distribution.

One other matter requires attention, and that is that George Bittner has been unheard of for a number of years. For that reason, a trustee ad litem was appointed to represent his interests. At the audit Mr. Koch informed the court that an attachment execution based on an old support order against George Bittner was issued. The judgment against George Bittner for the support of his minor children exceeds $3,000, whereas his distributive share is somewhat less than $1,800. Accordingly, the share of George Bittner will be awarded to his three children, viz., Jeanne Bittner, Frances Bittner and Oliver Bittner.

Now, September 30, 1954, the account is confirmed and distribution will be made as set forth in the amended distribution statement filed September 29, 1954.

This decree will become final unless exceptions are filed within 10 days herefrom.