Commonwealth ex rel. Almeida, Appellant, *v.*
Rundle.

Submitted November 15, 1962. Before BELL, C. J.,
MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and KEIM,
JJ.

*Arthur J. Marion* and *Arlen Specter,* Assistant District Attorneys, *F. Emmett Fitzpatrick, Jr.,* First Assistant District Attorney, and *James C. Crumlish, Jr.,* District Attorney, for appellee.

OPINION BY MR. JUSTICE EAGEN, January 8, 1963:

This is an appeal from an order in the court below dismissing a petition for a writ of habeas corpus.

In January 1947, Almeida, the appellant, and others engaged in an armed robbery in the City of Philadelphia. An off-duty policeman, who happened to be in the area, was shot and killed while attempting to thwart the escape of the felons. The appellant was arrested, indicted and tried for the crime of murder

committed in the perpetration of the robbery. The jury found him guilty of murder in the first degree and fixed the punishment at death. On appeal, the judgment was affirmed: *Commonwealth v. Almeida,* 362 Pa. 596, 68 A. 2d 595 (1949), cert. denied 339 U. S. 924 (1950), rehearing denied 339 U. S. 950 (1950).

Subsequently, Almeida instituted a habeas corpus action in a federal court, alleging deliberate suppression of material evidence by the Commonwealth. The writ was granted: *U. S. ex rel. Almeida v. Baldi,* 104 F. Supp. 321 (E.D. Pa. 1951), aff'd 195 F. 2d 815 (1952), cert. denied 345 U. S. 904 (1953), rehearing denied 345 U. S. 946 (1953). When arraigned before the Court of Oyer and Terminer of Philadelphia County to face trial upon the indictment for the second time (October 28, 1954), Almeida entered a plea of guilty, was adjudged guilty of murder in the first degree by the court and sentenced to life imprisonment. No appeal was taken. It is from this sentence and confinement that he seeks his release in this action.

It appears from the factual background of the case that the victim's death resulted not from a bullet fired by Almeida or one of his co-felons, but rather from a bullet fired from the gun of a fellow policeman of the deceased, who assisted on the scene in attempting to apprehend the criminals.

When Almeida was convicted of the crime involved, the law of this Commonwealth was that where, in the commission of a felony, such as robbery, a third person is killed by one resisting the felon or who is endeavoring to prevent his escape from the scene of the crime, the felon is guilty of murder in the first degree. See, *Commonwealth v. Almeida,* supra; *Commonwealth v. Moyer & Byron,* 357 Pa. 181, 53 A. 2d 736 (1947); *Commonwealth v. Lowry,* 374 Pa. 594, 98 A. 2d 733 (1953); and *Commonwealth v. Bolish,* 381 Pa. 500, 113 A. 2d 464 (1955). However, a very significant change

in the concept of the rule of felony murder was enunciated by this Court in *Commonwealth v. Redline,* 391 Pa. 486, 137 A. 2d 472 (1958). Although the law as stated in *Commonwealth v. Almeida,* supra, was not specifically overruled, the law of the case was limited to its own factual situation.

It is the contention of the appellant that under the rule of law of *Redline,* he is not guilty of murder and hence, that his conviction must be declared void and release directed.

The legality of the appellant's conviction is and must be governed by the law of Pennsylvania as it existed at the time of said conviction: *Commonwealth ex rel. Hough v. Maroney,* 402 Pa. 371, 167 A. 2d 303 (1961). As of that relevant date, the question of who fired the fatal shot was irrelevant to appellant's guilt of murder in the first degree, so long as it was fired in aid of or in resistance to the perpetration of the robbery involved. *Redline* decided several years after the date of appellant's conviction is not relevant. The lower court, therefore, properly denied the writ requested. It is also noted that the appellant is presently confined under sentence following his conviction for a robbery, separate and distinct from the robbery involved in his murder conviction. While this raises a serious question as to his legal right to a writ, our conclusion as to the basic question involved obviates any discussion of this issue.

Order affirmed.