Commonwealth *v.* Johnson, Appellant.

Argued January 14, 1972. Before JONES, C. J., EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

*Leon H. Kline,* for appellant.

*Bonnie Brigance Leadbetter,* Assistant District Attorney, with her *Milton M. Stein,* Assistant District Attorney, *James D. Crawford,* Deputy District Attorney, *Richard A Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE MANDERINO, May 4, 1973:

Appellant, Robert Johnson, on February 6, 1946, pleaded guilty to murder generally, was found guilty of first degree murder and sentenced to death. The sentence was later commuted to one of life imprisonment. No appeal was taken.

In 1965, Johnson filed a habeas corpus petition in which he claimed that his confession should not have been admitted at his degree of guilt hearing because it was given at a critical stage in the proceedings when he was not represented by counsel. Relief was denied and an appeal was taken to this Court.

While appellant's appeal from the denial of his habeas corpus petition was pending, he filed a Post Conviction Hearing Act petition, in which he claimed that (1) he was physically coerced to confess and was without an understanding as to the consequences of his confession, and (2) that he was not informed of his right to appeal from the judgment of sentence. Relief was denied in the PCHA proceeding and Johnson filed another appeal to this Court.

The two appeals from the habeas corpus proceedings and the PCHA proceedings were consolidated and heard by this Court. *Commonwealth ex rel. Johnson v. Rundle,* 440 Pa. 485, 270 A. 2d 183 (1970). In the PCHA petition appeal, this Court sustained the lower court's finding that appellant's confession was not coerced, but reversed the lower court on appellant's other PCHA claim, that he was improperly denied his appeal rights. Appellant was, therefore, given the right to file post-trial motions as though timely filed. In the appeal from the habeas corpus petition denial, this Court agreed with appellant's claim that his confession was elicited at a critical stage in the proceedings when counsel was required under the Sixth Amendment. *Massiah v. United States,* 377 U.S. 201, 12 L. Ed. 2d 246 (1964). Appellant, however, was denied relief because his appeal was the result of a collateral proceeding. In denying relief this Court relied on *United States ex rel. Allison v. State of New Jersey,* 418 F. 2d 332 (3d Cir. 1969). In *Allison,* the Third Circuit Court of Appeals stated: "The guidelines controlling the retroactive application of newly announced decisions governing criminal procedure . . . lead us to conclude that the rule of Massiah may not be utilized to attack convictions which have cleared the appellate courts on direct appeal before the date of the decision or where no appeal was taken." 418 F. 2d 332 at 336.

Following this Court's decision in appellant's first appeal, post-trial motions were filed and relief denied. Appellant is now before us on direct appeal from the denial of the post-trial motions.

Appellant raises again his claim that his confession was unconstitutionally obtained in that it was elicited at a crucial stage in the proceedings when counsel was required under the Sixth Amendment. He argues that he is now entitled to relief because he is before us on direct appeal from his judgment of sentence and not in an appeal arising out of a collateral attack as he was in his first appeal before this Court. We agree with the appellant's claim.

Since this Court previously ruled favorably to the appellant on the merits of appellant's substantive claim —that his confession was unconstitutionally obtained— the only remaining issue concerning the confession is whether appellant is entitled to relief in this direct appeal even though he was denied relief as the result of his collateral attack. The issue must be favorably resolved in favor of the appellant.

In *Allison,* relied on by this Court in appellant's first appeal, the court clearly made a distinction between a direct appeal and a collateral attack in determining whether relief was proper once it has been determined that appellant's confession was unconstitutionally obtained under *Massiah.* Indeed, the same court which decided *Allison* had previously specifically held that in a "direct appeal" relief was required if a confession had been admitted in violation of the appellant's Sixth Amendment right to counsel. *United States ex rel. O'Connor v. State of New Jersey,* 405 F. 2d 632 (3d Cir. 1969). The holding in *O'Connor* was based on the decision of the United States Supreme Court in *McLeod v. Ohio,* 381 U.S. 356, 14 L. Ed. 2d 682, 85 S. Ct. 1556 (1965) ; *McLeod v. Ohio,* 378 U.S. 582, 12 L. Ed.

2d 1037, 84 S. Ct. 1922 (1964). See *United States ex rel. Graham v. Mancusi*, 457 F. 2d 463 (2d Cir. 1972) and *Hancock v. White*, 378 F. 2d 479 (1st Cir. 1967). See also *Milton v. Wainwright*, 407 U.S. 371, 33 L. Ed. 2d 1, 92 S. Ct. 2174 (1972) (dissenting opinion n.3) and *Spano v. New York*, 360 U.S. 315, 3 L. Ed. 2d 1265, 79 S. Ct. 1202 (1959).

The decision in *McLeod* is controlling in this case. In *McLeod* the defendant was convicted several years before the decision in *Massiah*, nonetheless, he received relief in a direct appeal specifically under *Massiah* by the United States Supreme Court. *Milton v. Wainwright*, 407 U.S. at 382, 33 L. Ed. at 9, 92 S. Ct. at 2180 (dissenting opinion n.3).

The granting of relief in a direct appeal when there is a valid constitutional claim even though relief has been or would be denied in a collateral attack has been considered previously by this Court. In *Commonwealth ex rel. Smith v. Myers*, 438 Pa. 218, 261 A. 2d 550 (1970), this Court allowed a direct appeal nunc pro tunc to a defendant convicted of first degree murder in 1948 under the felony murder doctrine. The defendant in that case had been involved in an armed robbery with two other men, during which a policeman was shot and killed. All three were convicted of murder, but Smith, the appellant, alone filed neither post-trial motions nor an appeal. Eighteen years later, Smith filed a habeas corpus petition, which eventually resulted in this Court granting him a direct appeal nunc pro tunc. On this appeal, Smith sought to avail himself of this Court's ruling in *Commonwealth v. Redline*, 391 Pa. 486, 137 A. 2d 472 (1958), which was decided ten years subsequent to Smith's conviction by the trial court. Smith's two co-felons had also attempted to avail themselves of the *Redline* decision on habeas corpus petitions and had been denied relief by the court.

(*Commonwealth ex rel. Hough v. Maroney,* 402 Pa. 371, 167 A. 2d 303 (1961); *Commonwealth ex rel. Almeida v. Rundle,* 409 Pa. 460, 187 A. 2d 266 (1963)). However, the court ruled that Smith unlike his co-felons would be able to avail himself of the *Redline* rule. In distinguishing the situation of Smith from that of his co-felons, the court stated: "All three of those cases, however, were collateral attacks on the convictions. By contrast, the instant case is on *direct appeal.* Although in the three collateral attack cases, we spoke of the law as it existed at the time of the relator's 'conviction', we were not at that time faced with a situation where the conviction had not yet become final, as here. Hough's conviction had become final as a result of his appeal, and Almeida's became final by virtue of his failure to take an appeal. In contrast, here, Smith's conviction is not final, as he is on direct appeal. No one would suggest that this Court would be violating any settled principles of law by making a change in the law and reversing a conviction, even though the law at the time of conviction supported the conviction. This has occurred innumerable times, in practically every landmark constitutional criminal case. Nor should the result be any different where the appeal is nunc pro tunc rather than immediately after conviction." 438 Pa. 218 at 236, 261 A. 2d 550 at 559.

This Court also spoke to the same issue in *Commonwealth v. Little,* 432 Pa. 256, 248 A. 2d 32 (1968), and held that rights available to an appellant in a direct appeal do not depend on whether the appeal was timely filed. An appellant is given his right to an appeal as though timely filed because he was deprived of his appeal rights originally *through no fault of his own.* His appeal rights cannot be qualified. Accord *Commonwealth v. Linde,* 448 Pa. 230, 293 A. 2d 62 (1972).

Appellant's confession was improperly admitted at the degree of guilt hearing and, thus, his conviction for first degree murder cannot be allowed to stand.

Without appellant's confession the evidence at the degree of guilt hearing was not sufficient to sustain a conclusion that the murder occurred during the perpetration of a robbery. The appellant testified that he shot and killed the proprietor of a cigar store, not because of any intent to commit a robbery, but because an altercation developed between the appellant and the proprietor of the store over the price of cigars. Appellant testified that the proprietor called him a "nigger" and came toward him from behind the counter with one hand behind him. At that point appellant, frightened, shot the store owner and ran out of the store. Nothing was taken from the store and, in fact, no robbery was actually committed. The record of the degree of guilt hearing is insufficient to sustain a first degree murder conviction on the felony murder theory or on any other basis.

Judgment of sentence for first degree murder is vacated and the record is remanded for proceedings consistent with this opinion.

Mr. Justice O'BRIEN and Mr. Justice NIX concur in the result.

Mr. Justice EAGEN dissents.

CONCURRING OPINION BY MR. JUSTICE ROBERTS:

I join the Court's opinion. In my view, there is no doubt that appellant, on this *Douglas* appeal, allowed as if timely filed, is entitled to the Sixth Amendment protections embodied in *Massiah v. United States,* 377 U.S. 201, 84 S. Ct. 1199 (1964) (right to counsel during post-indictment police interrogation).

The rule of *Massiah* has been held to be applicable where the conviction has not "cleared the appellate

courts on direct appeal." *United States ex rel. Allison v. New Jersey,* 418 F. 2d 332, 336 (3d Cir. 1969). See also *McLeod v. Ohio,* 378 U.S. 582, 84 S. Ct. 1922 (1964). In so holding, the Third Circuit in *Allison* applying the rule enunciated in *Linkletter v. Walker,* 381 U.S. 618, 85 S. Ct. 1731 (1965) (deciding that *Mapp v. Ohio,* 367 U.S. 643, 81 S. Ct. 1684 (1961), was to be given retrospective effect to all cases which had not reached final disposition in the highest court authorized to review them), stated that *Massiah,* like *Mapp,* was applicable to all cases not yet finalized as of May 18, 1964 (the date of the *Massiah* decision).

This Court, on several occasions, has held that where a defendant has been denied his appellate rights (*Douglas v. California,* 372 U.S. 353, 83 S. Ct. 814 (1963)), his conviction, for purposes of *Mapp,* supra, is not yet "final."* *Commonwealth v. Heard,* 451 Pa. 125, 301 A. 2d 870 (1973); *Commonwealth v. Linde,* 448 Pa. 230, 232, n.2, 293 A. 2d 62, 63 n.2 (1972); *Commonwealth v. Ellsworth,* 421 Pa. 169, 176-77, 218 A. 2d 249, 253 (1966). As this Court stated in *Linde,* supra: "It should be noted that although the search . . . pre-dated the decision of Mapp v. Ohio, 367 U.S. 643, 81 S. Ct. 1684 (1961), which applied the federal exclusionary rule of the Fourth Amendment to the state courts, the case of Linkletter v. Walker, 381 U.S. 618, 85 S. Ct. 1731 (1965) held the Mapp ruling applicable to any judgment not *finalized, a condition that can be said to exist only when availability of direct appeal has been exhausted, prior to June 19, 1961.* See

---

* " 'Final' in the sense that the time for perfecting an appeal to the state appellate court had not expired or that an appeal had been taken but not determined or that the time for seeking a review by the U.S. Supreme Court had not expired or that a review by that Court was pending." *Commonwealth ex rel. Wilson v. Rundle,* 412 Pa. 109, 117 n.4, 194 A. 2d 143, 147 n.4 (1963).

Commonwealth v. Ellsworth, 421 Pa. 169, 218 A. 2d 249 (1966). *Since an appeal nunc pro tunc is a direct attack on the judgment of sentence, appellant gets the benefit of the Mapp ruling and its progeny." Linde,* supra at 232 n.2, 293 A. 2d at 63 n.2 (emphasis added).

Obviously here, where *Massiah,* like *Mapp,* governs cases not yet "final", appellant, having been denied his *Douglas* right of appeal, is entitled to relief on his *Massiah* claim. Most recently, this Court, in its unanimous holding in *Linde,* made clear that an appeal allowed as though timely filed, because of a *Douglas* denial of the right to appeal, ". . . is a direct attack on the judgment of sentence. . . ." Accordingly, appellant here, as in *Linde,* ". . . gets the benefit of the . . . [*Massiah*] ruling. . . ."

DISSENTING OPINION BY MR. JUSTICE POMEROY:

I cannot agree that the decision of the United States Supreme Court in *Massiah v. United States,* 377 U.S. 201, 12 L. Ed. 2d 246, handed down in 1964 and held not to be retroactive, should be applied to grant relief to this *"nunc pro tunc"* appellant whose conviction took place in 1946. See my dissenting opinion in *Commonwealth v. Heard,* 451 Pa. 125, 301 A. 2d 870 (1973).[1]

Accordingly, I respectfully dissent.

Mr. Chief Justice JONES joins in this dissenting opinion.

---

[1] In *Heard,* this Court permitted a *nunc pro tunc* appellant whose conviction was obtained in 1956 to avail himself of the exclusionary rule announced in *Mapp v. Ohio,* 367 U.S. 643, 6 L. Ed. 2d 1081 (1961), notwithstanding that the *Mapp* decision had been held by *Linkletter v. Walker,* 381 U.S. 618, 14 L. Ed. 2d 601 (1965) not to be retrospective. The rule of *Massiah v. United States* appears to have been accorded the same status by the memorandum opinion of the Supreme Court of the United States in *McLeod v. Ohio,* 381 U.S. 356, 14 L. Ed. 2d 682 (1965).