Commonwealth *v.* Shadd, Appellant.

Argued November 27, 1972. Before JONES, C. J., EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

150

*Kenneth Mirsky,* Assistant Defender, with him *Jonathan Miller,* Assistant Defender, and *Vincent J. Ziccardi,* Defender, for appellant.

*Albert L. Becker,* Assistant District Attorney, with him *Milton M. Stein,* Assistant District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE NIX, October 3, 1973:

In May of 1960, appellant Ronald Shadd was tried before a judge and jury and convicted of first degree murder. Post-trial motions were filed but later withdrawn, and a sentence of life imprisonment was imposed. In October, 1965, appellant filed a petition for habeas corpus alleging that his trial had been tainted by the introduction of testimony that he stood mute when confronted at a police station interview by a codefendant's statement implicating him in the homicide. The trial court dismissed the petition and an appeal to this Court followed in which we recognized that the doctrine of tacit admission was in conflict with the protections afforded under the Fifth Amendment to the United States Constitution. See *Miranda v. Arizona,* 384 U.S. 436 (1966). We refused the requested relief to the appellant holding that this newly acknowledged right need not be applied retroactively. *Commonwealth ex rel. Shadd v. Myers,* 423 Pa. 82, 223 A. 2d 296 (1966).

That decision, however, did vacate the order of the court below and remanded the record for a hearing solely to determine if the appellant effectively waived his right to the assistance of counsel in the prosecution of the new trial motion and an appeal from the Judgment of Sentence. See *Douglas v. California,* 372 U.S. 353 (1963). A review of the briefs filed with this Court and the entire record, certified by the court below fails

to indicate whether a hearing was held pursuant to the order of remand and any disposition that may have been made.

On June 21, 1968, almost two years after the date of our decision, appellant filed a petition pursuant to the Post-Conviction Hearing Act[1] again challenging the use of a tacit admission at his trial. A hearing was held on that petition, and appellant was granted leave "to file a motion for new trial nunc pro tunc to the issues raised as a result of admission of Petitioner's tacit admission at the time of his trial, the admission of the codefendant's confession and the effect thereof."[2] Pursuant to this order a motion was filed and after argument denied. This appeal is from the denial of that motion for a new trial.

In our first review of this case although recognizing that tacit admissions were no longer consistent with the protections now understood to be embraced by the Fifth Amendment a majority of the members of this Court determined that we were not required by the Federal Constitution to give retroactive effect to this newly recognized right and elected not to do so. Relying heavily on an analogy with *Griffin v. California,* 380 U.S. 609 (1965) and *Tehan v. Shott,* 382 U.S. 406 (1966) this Court held that this protection would be awarded prospectively and would not be considered in

---

[1] Act of January 25, 1966, P. L. (1965), 1580, §1 et seq., 19 P.S. §1180-1 et seq. (Supp. 1973-74).

[2] A review of the Notes of Testimony under the Post-Conviction Hearing Act suggests that counsel and the Court at that time were also unaware as to whether or not there had been any prior proceeding pursuant to our remand. The Court proceeded as if that hearing was for the purpose of determining a violation of the appellant's *Douglas* rights. The Order subsequently entered would suggest that the Court did find a violation at least to the limited extent of the issues set forth therein. Since no appeal was taken from this Order the Commonwealth cannot now be heard to complain as to its effect.

a collateral attack on a judgment finalized several years previously.

In *Commonwealth v. Dravecz*, 424 Pa. 582, 592-595, 227 A. 2d 904 (1967), (EAGEN, J., concurring, joined by JONES, COHEN and O'BRIEN, JJ.) four members of this Court expressed the view that the bar against tacit admissions should apply to all cases not finalized before the pronouncement in *Miranda* on June 13, 1966. These members of the Court further concluded that a case on direct appeal was not a final judgment. In *Commonwealth v. Little*, 432 Pa. 256, 248 A. 2d 32 (1968) after adopting the view of the concurring opinion of Mr. Justice EAGEN in *Dravecz*, supra, this Court proceeded to hold a judgment was not final where the right to appeal had been granted nunc pro tunc. Most pertinent to our present inquiry the Court in *Little* observed: "The Commonwealth argues that Shadd covers the instant case because we there remanded for a Douglas hearing to determine whether Shadd had been denied his right to appeal. The next step in the Commonwealth's argument is a complete non sequitur, for it states that Shadd makes clear that, should an appeal nunc pro tunc be allowed, the tacit admission question could not be raised. *On the contrary, there is not the slightest intimation in Shadd that such was the case. We merely held that the tacit admission could not be collaterally attacked. We said nothing at all concerning the using of the tacit admission question on a nunc pro tunc appeal.*" (Emphasis added.)

The Court en Banc in reaching the conclusion that the appellant was not entitled to a new trial relied heavily on the "law of the case" doctrine.[3]

---

[3] "However, it is clear that we are bound to follow the law applicable to petitioner set forth in his earlier appeal; that regardless of the law set forth in the cases cited by petitioner, all of which followed Com. ex rel. Shadd, the express holding in petitioner's original appeal is the 'law of the case and we are legally

There is a serious question as to whether or not the doctrine of the "law of the case" is applicable to criminal cases particularly where the wrong complained of is an alleged violation of a recognized constitutional right. Accepting however, for the purpose of argument, that such a doctrine has some general applicability in this area of the law, it clearly does not apply in the present instance. In our original decision we concluded only that the appellant was not entitled to the benefit of this new protection because of the procedural posture of the case at that time. Thus, even if the doctrine is applicable in this area of the law, it would not come to play under the present factual setting in view of the fact that this Court has never ruled on the issue as to whether the appellant was to be granted relief for this complaint on an appeal nunc pro tunc.

In *Commonwealth ex rel. Smith v. Myers,* 438 Pa. 218, 261 A. 2d 550 (1970), we observed: "No one would suggest that this Court would be violating any settled principles of law by making a change in the law and reversing a conviction, even though the law at the time of conviction supported the conviction. This has occurred innumerable times, in practically every landmark constitutional criminal case. Nor should the result be any different where the appeal is nunc pro tunc rather than immediately after conviction." 438 Pa. at 236. See also *Commonwealth v. Johnson,* 451 Pa. 528, 304 A. 2d 139 (1973).[4]

---

required to follow the law as stated herein. If, arguendo, the Court's original Opinion has been made palpably erroneous because of later decisions, the 'law of the case' doctrine is still applicable to us; the appellate court alone has the authority to correct such error." (Citations omitted.) See Opinion of Court en Banc p. 4, See *Reamer's Estate,* 331 Pa. 117, 200 A. 35 (1938).

[4] In view of our decision, we have not considered appellant's other contentions.

The judgment of sentence is reversed and a new trial awarded.

Mr. Justice EAGEN concurs in the result.

Mr. Justice MANDERINO concurs in the result.

---

CONCURRING OPINION BY MR. JUSTICE ROBERTS:

While I agree with a substantial portion of the opinion of the Court, I am compelled to note my disagreement with any suggestion that the "law of the case" has applicability to a criminal case. This doctrine has never been applied to a criminal case in Pennsylvania. See *Commonwealth v. Tick, Inc.*, 431 Pa. 420, 246 A. 2d 424 (1968) ; *Reamer's Estate*, 331 Pa. 117, 200 Atl. 35 (1938).

In my view, this case is controlled by our decision in *Commonwealth v. Little*, 432 Pa. 256, 248 A. 2d 32 (1968). See *Commonwealth v. Dravecz*, 424 Pa. 582, 227 A. 2d 904 (1967). Cf. *Commonwealth v. Jefferson*, 430 Pa. 532, 538, 243 A. 2d 412, 415 (1968) ; (ROBERTS, J., dissenting, joined by O'BRIEN and COHEN, JJ.) ; *Commonwealth ex rel. Shadd v. Myers*, 423 Pa. 82, 91, 223 A. 2d 296, 301 (1966) (ROBERTS, J., dissenting). On this direct appeal, allowed as if timely filed, *Douglas v. California*, 372 U.S. 353, 83 S. Ct. 814 (1963), appellant is clearly entitled to a new trial. *Griffin v. California*, 380 U.S. 609, 85 S. Ct. 1229 (1965) ; *Commonwealth v. Johnson*, 451 Pa. 528, 535, 304 A. 2d 139, 142 (1973) (ROBERTS, J., concurring).

Mr. Justice O'BRIEN joins in this opinion.

---

DISSENTING OPINION BY MR. JUSTICE POMEROY:

When the present appellant was last before our Court he urged, relying on *Miranda v. Arizona*, 384 U.S. 436, 16 L. Ed. 2d 694 (1966), the inadmissibility into evidence at his 1960 trial of the fact that during a custodial investigation he had remained silent in the

face of an accusation by his co-felon. *Commonwealth ex rel. Shadd v. Myers*, 423 Pa. 82, 223 A. 2d 296 (1966).

Recognizing the change in Pennsylvania law resulting from *Miranda's* interdiction of the use of tacit admissions, we nevertheless held, relying on *Johnson v. New Jersey*, 384 U.S. 719, 16 L. Ed. 2d 882 (1966), that the change was not to be retrospectively applied. As Mr. Justice EAGEN concluded, in speaking for the court, "after consideration of the purpose of the rule announced in Miranda, supra, concerning evidence of 'tacit admissions', the reliance placed upon this Court's rulings in regard thereto for nearly a century and the obvious effect of its retroactive application on the administration of justice, we rule that it need not and will not be applied retroactively in Pennsylvania." (423 Pa. at 88.) This holding was reaffirmed, with some modification not here applicable, in *Commonwealth v. Dravecz*, 424 Pa. 582, 227 A. 2d 904 (1967).[1]

Notwithstanding that we have heretofore held this very appellant not entitled to the benefit of *Miranda*,

---

[1] Justice EAGEN's concurring opinion in *Dravecz*, supra, which represented the views of a majority of the Court and which was later formally adopted in *Commonwealth v. Little*, 432 Pa. 256, 248 A. 2d 32 (1968), reconsidered the holding in *Shadd* insofar as it found the source of the bar to tacit admissions to have been in the decision of the United States Supreme Court in *Malloy v. Hogan*, 378 U.S. 1, 12 L. Ed. 2d 653 (1964), rather than in *Miranda*. It was concluded by analogy to the test of non-retroactivity adopted in *Linkletter v. Walker*, 381 U.S. 618, 14 L. Ed. 2d 601 (1965), that the ban on the evidentiary use of tacit admissions, "first *explicated* in *Miranda*, need only be applied to those cases wherein the judgment was not finalized as of the date *Miranda* was announced." Since the *Dravecz* trial followed the date of *Malloy* and involved a direct, timely appeal from a judgment not "finalized" as of the date of *Miranda* (although the trial itself had preceded *Miranda*), the ban on tacit admissions was held applicable, and a new trial was awarded. This modification of the cases to which the new rule was applicable in no way affects the case at bar, the trial of which long preceded *Malloy*.

the court now nevertheless applies the rule against tacit admissions to his case after all, and awards a new trial. This turn-about is justified, in the view of the other opinions, because we now hear Shadd's case as on direct appeal *nunc pro tunc,* as distinguished from an appeal in a collateral proceeding (Shadd's earlier appeal was from denial of habeas corpus). As the Court later held in *Commonwealth v. Little,* 432 Pa. 256, 248 A. 2d 32 (1968), quite speciously, as I believe, "to apply the tacit admission proscription of *Miranda* to a direct *nunc pro tunc* appeal . . . is not to apply it retroactively."

Recognizing that the concept of an appeal *nunc pro tunc* involved difficulties in regard to the scope and reach of such an appeal, the Court in *Commonwealth v. Faison,* 437 Pa. 432, 264 A. 2d 394 (1970) undertook to restate the test. On the one hand, the appellant was not to be narrowly limited to the law that existed when a timely appeal would have been filed, nor, on the other hand, was he to be accorded the benefit (or detriment) of all the law that had developed between trial and appeal. "We hold", said the Court in *Faison,* "that an appellant may press on a *nunc pro tunc* appeal an issue premised on a constitutional right which was enunciated subsequent to his original judgment of sentence, *provided that this right has been given such retroactive effect that it would have been available to appellant had an appeal been timely filed."* 437 Pa. at 441. (Emphasis supplied.) The proscription of the use of tacit admissions, like the other new pronouncements, of *Miranda,* has not been given such retroactive effect as Shadd's own prior appeal established. But today the Court again ignores its formulation of but three years ago, and allows appellant to assert a rule non-existent at the time of his trial and expressly held non-retrospective. Thus not only is the test adopted in *Faison* by-passed, but also the careful holding in *Shadd,* supra.

This same problem was before the Court in *Commonwealth v. Heard,* 451 Pa. 125, 301 A. 2d 870 (1973), involving a right asserted under *Mapp v. Ohio,* 367 U.S. 643, 6 L. Ed. 2d 1081 (1961). My dissenting opinion in that case is largely applicable here. I repeat, however, that by holdings such as that in *Heard* and this one, we continue to discriminate invidiously against the well-counselled defendant who took a timely appeal in favor of the defendant who, for one reason or another, was until lately ignorant of his appellate rights; the latter is given a new trial, while the former has no prospect of release from imprisonment. Thus also do we disserve the cause of judicial administration, compelling our over-burdened courts to redo litigation long since ended, with evidence gone stale and with witnesses, if still available, whose memories have dimmed. It is for these reasons that I dissent.

Mr. Chief Justice JONES joins in this dissenting opinion.