J-S54019-18

2018 PA Super 254

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CORNELIUS ALEXANDER ANDREWS | : | No. 90 WDA 2018 |

Appeal from the Order Entered December 12, 2017
In the Court of Common Pleas of Blair County Criminal Division at No(s):
CP-07-CR-0000132-2009

BEFORE: PANELLA, J., LAZARUS, J., and MURRAY, J.

OPINION BY LAZARUS, J.:                    FILED SEPTEMBER 12, 2018

The Commonwealth of Pennsylvania appeals from the order, entered in the Court of Common Pleas of Blair County, granting relief to Appellee, Cornelius Alexander Andrews, pursuant to his petition filed under the Post Conviction Relief Act ("PCRA").[1] Upon review, we affirm.

On October 27, 2009, following a nonjury trial, Andrews was convicted of delivery of a controlled substance and related offenses. Prior to sentencing, Andrews fled the jurisdiction. He was later apprehended and, on February 11, 2011, the court sentenced him to an aggregate term of 12 to 24 years' incarceration. The sentence included a mandatory minimum under 18 Pa.C.S.A. § 7508. Andrews did not file a direct appeal. Subsequently, on August 16, 2011, Andrews filed a PCRA petition, pursuant to which the Commonwealth agreed to the reinstatement of his direct appellate rights as

_____

[1] 42 Pa.C.S.A. §§ 9541-9546.

to two issues involving a warrantless phone search and the discretionary aspects of Andrews' sentence. See Trial Court Order, 5/3/12, at ¶ 4. The court also corrected the maximum term of one of Andrews' sentences, which had been imposed in error as a result of inaccurate information contained in his presentence report. See id. at ¶ 1.

On May 3, 2012, the trial court appointed direct appellate counsel, who failed to file a notice of appeal on Andrews' behalf. Of significance here, on June 17, 2013, the United States Supreme Court decided United States v. Alleyne, 570 U.S. 99 (2013), in which the Court held that any fact that increases the mandatory minimum sentence for a crime is an "element" of that crime that must be submitted to a jury and found beyond a reasonable doubt.

Because previous counsel had failed to file a timely appeal, nunc pro tunc, pursuant to the court's May 2012 order, by two orders dated September 17, 2014, the court appointed new appellate counsel and directed him to file a notice of appeal within thirty days. The order noted that the Commonwealth did not object to the re-reinstatement of Andrews' appellate rights. On October 15, 2014, Andrews, through counsel, filed a timely notice of appeal. By memorandum decision issued on September 21, 2015, this Court affirmed his judgment of sentence. See Commonwealth v. Andrews, 1745 WDA 2014 (Pa. Super. filed 9/21/15). On February 16, 2016, Andrews' petition for allowance of appeal to our Supreme Court was denied.

Andrews filed the instant PCRA petition on March 24, 2016, seeking relief from an illegal mandatory minimum sentence under Alleyne.[2] By order dated December 12, 2017, the PCRA court granted relief and ordered that Andrews be resentenced. The Commonwealth appealed, raising the following issue for our review:

> Whether [Andrews], who was convicted and whose sentence was finalized prior to [the date Alleyne was decided,] June 17, 2013, is entitled to resentencing pursuant to . . . Alleyne when, as a result of his first PCRA [p]etition[,] [Andrews] received and agreed to limited reinstatement of [appellate] rights that were not resolved prior to June 17, 2013?

Brief of Appellant, at 3.

We begin by noting that this appeal presents a pure question of law, over which our standard of review is plenary. Commonwealth v. Washington, 142 A.3d 810, 814 (Pa. 2016).

The United States Supreme Court has held that "[w]hen a decision of this Court results in a 'new rule,' that rule applies to all criminal cases still pending on direct review." Commonwealth v. Newman, 99 A.3d 86, 90 (Pa. Super. 2014), quoting Schriro v. Summerlin, 542 U.S. 348 (2004). The question presented in this appeal is whether a case is considered "pending on direct review" for purposes of the application of the new rule, where the "direct review" results from the reinstatement of direct appellate rights, nunc pro

_____

[2] The statute under which Andrews received his mandatory minimum sentence has been deemed unconstitutional pursuant to Alleyne. See Commonwealth v. DiMatteo, 177 A.3d 182 (Pa. 2018).

- 3 -

tunc, subsequent to the date the new rule was announced. We conclude that it does.

This matter presents a unique procedural quagmire. As noted above, Andrews' direct appeal rights were reinstated, nunc pro tunc, on May 3, 2012. The trial court granted relief on Andrews' Alleyne claim on the basis that his appeal was pending at the time Alleyne was decided, on June 17, 2013. However, while Andrews' appellate rights had, in fact, been reinstated prior to the decision in Alleyne, his court-appointed counsel never filed a notice of appeal. Thus, at the time Alleyne was handed down, Andrews did not actually have an appeal pending before this, or any, Court. At first blush, this would seem to dictate that he is not entitled to the benefit of Alleyne. Our inquiry, however, does not end here.

Andrews' direct appellate rights were subsequently "re-reinstated," and he filed a timely appeal, nunc pro tunc, on October 15, 2014. Our Supreme Court has previously held that, where a direct appeal nunc pro tunc is granted, the conviction in question was never "final" for purposes of determining whether the litigant is entitled to the benefit of a new rule of law announced subsequent to his conviction. In Commonwealth v. Johnson, 304 A.2d 139 (Pa. 1973), the defendant was convicted of murder in 1946. He did not file a direct appeal. He subsequently filed a petition under the Post Conviction Hearing Act ("PCHA"), the predecessor to the PCRA, alleging, inter alia, that he had not been informed of his right to appeal his judgment of sentence. The PCHA court denied relief but, on appeal, this Court reversed and reinstated

- 4 -

his appellate rights in 1970.  On direct appeal, nunc pro tunc, Johnson raised a claim that his confession was unconstitutionally obtained, as it was elicited at a critical stage in the proceedings where counsel was required under the Sixth Amendment.  Johnson's claim was based on the decision of the U.S. Supreme Court in Massiah v. United States, 377 U.S. 201 (1964),[3] which was decided approximately 18 years after Johnson was convicted.[4]  In a prior collateral appeal, the Court had denied Johnson relief under Massiah.  While agreeing that Johnson's substantive claim under Massiah possessed merit,

_____

[3] Massiah had been indicted for violations of federal narcotics laws.  He retained a lawyer, pleaded not guilty, and was released on bail.  While Massiah was free on bail, a federal agent used surreptitious means to listen to incriminating statements made by him.  Over Massiah's objection, evidence of these statements was introduced against him at trial.  He was convicted, and the Court of Appeals affirmed.  The U.S. Supreme Court reversed, holding that Massiah's Sixth Amendment right to counsel was violated where incriminating statements, deliberately obtained by federal agents after he had been indicted and in the absence of his counsel, were used against him at his trial.

[4] In a prior collateral appeal, the Court had denied Johnson relief on a claim under Massiah.  There, while agreeing that Johnson's substantive claim possessed merit, the Court nonetheless concluded that he was not entitled to relief because his appeal was in the context of a collateral proceeding.  The Court relied upon United States ex rel. Allison v. State of New Jersey, 418 F.2d 332 (3rd Cir. 1969), in which the Third Circuit Court of Appeals stated:

> The guidelines controlling the retroactive application of newly announced decisions governing criminal procedure . . . lead us to conclude that the rule of Massiah may not be utilized to attack convictions which have cleared the appellate courts on direct appeal before the date of the decision or where no appeal was taken.

Johnson, 304 A.2d at 141, quoting Allison, 418 F.2d at 336.

the Court nonetheless concluded that he was not entitled to relief because his appeal was in the context of a collateral proceeding. Because he was now on direct appeal, nunc pro tunc, Johnson argued that he was entitled to relief under Massiah.

The Supreme Court agreed, citing its prior decision in Commonwealth ex rel. Smith v. Meyers, 261 A.2d 550 (Pa. 1970). There, the Court

> allowed a direct appeal nunc pro tunc to a defendant convicted of first degree murder in 1948 under the felony murder doctrine. The defendant in that case had been involved in an armed robbery with two other men, during which a policeman was shot and killed. All three were convicted of murder, but Smith, the appellant, alone filed neither post-trial motions nor an appeal. Eighteen years later, Smith filed a habeas corpus petition, which eventually resulted in this Court granting him a direct appeal nunc pro tunc. On this appeal, Smith sought to avail himself of this Court's ruling in Commonwealth v. Redline, [] 137 A.2d 472 ([Pa.] 1958), which was decided ten years subsequent to Smith's conviction by the trial court. Smith's two co-felons had also attempted to avail themselves of the Redline decision on habeas corpus petitions and had been denied relief by the court. [] However, the court ruled that Smith[,] unlike his co-felons[,] would be able to avail himself of the Redline rule. In distinguishing the situation of Smith from that of his co-felons, the court stated:
>
>> 'All three of those cases, however, were collateral attacks on the convictions. By contrast, the instant case is on [d]irect appeal. Although in the three collateral attack cases, we spoke of the law as it existed at the time of the relator's 'conviction', we were not at that time faced with a situation where the conviction had not yet become final, as here. Hough's conviction had become final as a result of his appeal, and Almeida's became final by virtue of his failure to take an appeal. In contrast, here, Smith's conviction is not final, as he is on direct appeal. No one would suggest that this Court would be violating any settled principles of law by making a change in the law and reversing a conviction, even though the law at the time of conviction supported the conviction. This has occurred innumerable

times, in practically every landmark constitutional criminal case. <u>Nor should the result be any different where the appeal is nunc pro tunc rather than immediately after conviction</u>.'

[Smith,] 261 A.2d 550 at 559.

Commonwealth v. Johnson, 304 A.2d 139, 141 (Pa. 1973) (emphasis added).

Likewise, here, although Andrews' conviction occurred in 2009 and Alleyne was not decided until 2013, his judgment of sentence was not final at the time the decision in Alleyne was announced, as he subsequently was granted a direct appeal nunc pro tunc. Accordingly, he is entitled to the benefit of Alleyne.

The Commonwealth's arguments against the grant of relief are unavailing. First, it claims that "the PCRA court no longer had jurisdiction to [consider] the instant petition as the petition was not filed within a year from sentencing." Brief of Appellant, at 8. This claim is patently meritless. The one-year time limit for filing a timely PCRA is not triggered by the imposition of sentence, but rather the exhaustion of a petitioner's direct appellate rights. See 42 Pa.C.S.A. § 9545(b) ("Any [PCRA] petition . . . shall be filed within one year of the date the judgment becomes final[.] . . . [A] judgment becomes final <u>at the conclusion of direct review</u> . . . or at the expiration of time for seeking the review.") (emphasis added). Here, our Supreme Court denied Andrews' petition for allowance of appeal on February 16, 2016, and he filed

the instant PCRA petition on March 24, 2016. Accordingly, his petition is timely under section 9545(b) and no relief is due.

Second, the Commonwealth posits that Andrews is not entitled to retroactive application of Alleyne because his judgment of sentence became final prior to the date Alleyne was decided and the case has not been held to apply retroactively. However, as we discussed above, pursuant to Smith and Johnson, Andrews' judgment of sentence was <u>not</u> final at the time Alleyne was decided, as his direct appellate rights were subsequently reinstated.[5] Moreover, although Andrews did not raise an Alleyne claim on direct appeal, nunc pro tunc, his claim is not waived, as an Alleyne claim implicates the legality of a sentence and is, thus, not subject to waiver. Newman, supra. Andrews raised his Alleyne claim in a timely-filed PCRA petition and the PCRA court did not err in granting him relief.

Order affirmed.

_____

[5] We note that, had Andrews' counsel timely filed an appeal after Andrews' direct appeal rights were originally reinstated in 2012, it is likely that his direct appeal would actually have been pending, in the literal sense, at the time Alleyne was decided in 2013.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/12/2018