2018 PA Super 259

COMMONWEALTH OF PENNSYLVANIA    :    IN THE SUPERIOR COURT OF
                                :           PENNSYLVANIA
            Appellant           :
                                :
                                :
                                :
        v.                      :
                                :
                                :
ROBERT DAVID RANGER             :    No. 87 WDA 2018

Appeal from the Order Entered December 11, 2017
In the Court of Common Pleas of Blair County Criminal Division at No(s):
CP-07-CR-0001127-2010,
CP-07-CR-0001128-2010, CP-07-CR-0001129-2010,
CP-07-CR-0001134-2010, CP-07-CR-0001136-2010,
CP-07-CR-0001138-2010, CP-07-CR-0001510-2010,
CP-07-CR-0001511-2010, CP-07-CR-0001533-2010,
CP-07-CR-0001534-2010, CP-07-CR-0001535-2010

BEFORE:  PANELLA, J., LAZARUS, J., and MURRAY, J.

OPINION BY LAZARUS, J.:                    **FILED SEPTEMBER 19, 2018**

The Commonwealth of Pennsylvania appeals from the order, entered in the Court of Common Pleas of Blair County, granting relief to Appellee, Robert David Ranger, pursuant to his petition filed under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. Upon review, we affirm.

The disposition of this matter turns on the effect of its unique procedural history which is convoluted, at best. Accordingly, a detailed recital of that history is in order. On January 31, 2011, Ranger was convicted by a jury of multiple drug offenses and related charges. The trial court imposed his sentence, which included numerous mandatory minimum enhancements under 18 Pa.C.S.A. § 7508, on April 25, 2011. Ranger filed a timely appeal

on May 20, 2011, and this Court affirmed his judgment of sentence by unpublished memorandum decision on May 15, 2012. **See Commonwealth v. Ranger**, 826 WDA 2011 (Pa. Super. filed 5/15/12). Ranger's counsel submitted a petition for allowance of appeal, which was returned to him on June 19, 2012 because it was untimely by four days.

On January 1, 2013, Ranger filed a timely first PCRA petition seeking reinstatement of his direct appellate rights, *nunc pro tunc*. The court appointed Timothy Burns, Esquire, as counsel. Relevant to this matter, on June 17, 2013, the United States Supreme Court decided **United States v. Alleyne**, 570 U.S. 99 (2013), in which the Court held that any fact that increases the mandatory minimum sentence for a crime is an "element" of that crime that must be submitted to a jury and found beyond a reasonable doubt. On January 29, 2015, the PCRA court granted Ranger's request to reinstate his direct appellate rights, *nunc pro tunc*, and appointed Robert Donaldson, Esquire, to file a petition for allowance of appeal. The PCRA court explained the more than two year delay between the filing of Ranger's PCRA petition and the granting of relief by noting that Attorney Burns had "suffered a vicious physical attack in the courtroom by a different PCRA client which resulted in his absence for a significant period of time." PCRA Court Opinion, 12/11/17, at 2 n.1. When Attorney Burns finally concluded he could no longer represent Ranger, the PCRA court appointed Attorney Donaldson to shepherd Ranger's PCRA petition to disposition.

The court held a hearing on Ranger's PCRA petition on January 29, 2015. At that hearing, the Commonwealth agreed to the reinstatement of Ranger's direct appellate rights for the limited purpose of filing a petition for allowance of appeal to the Supreme Court on the sole issue of whether the Commonwealth engaged in sentencing entrapment. By order issued that same date, the PCRA court reinstated Ranger's direct appeal rights, *nunc pro tunc*, and appointed Attorney Donaldson to represent Ranger in filing his petition for allowance of appeal. On September 29, 2015, our Supreme Court denied review.

On July 27, 2016, Ranger filed a timely *pro se* PCRA petition,[1] in which he raised a claim pursuant to **Alleyne**.[2] The court appointed counsel; however, Ranger subsequently retained private counsel, Steven P. Passarello, Esquire, who filed an amended PCRA petition, again raising, *inter alia*, an **Alleyne** claim. On December 11, 2017, after a hearing, the PCRA court granted relief under **Alleyne** and ordered that Ranger be resentenced. The Commonwealth appealed and raises the following issue for our review:

> Whether [Ranger], who was convicted and whose sentence was finalized prior to June 17, 2013, is entitled to resentencing

---

[1] Pursuant to section 9545(b), a PCRA petition is timely if it is filed within one year of the date the judgment of sentence becomes final. 42 Pa.C.S.A. § 9545(b)(1). Here, Ranger's judgment of sentence became final on or about December 28, 2015, when the time to file a writ of *certiorari* with the U.S. Supreme Court expired. **See** 42 Pa.C.S.A. § 9545(b)(3); S.Ct.R. 13.

[2] Ranger's multiple mandatory minimum sentences were imposed pursuant to section 7508, which has been deemed unconstitutional pursuant to **Alleyne**. **See Commonwealth v. DiMatteo**, 177 A.3d 182 (Pa. 2018).

pursuant to [Alleyne] when, as a result of his first PCRA [p]etition[,] [Ranger] received an agreed[-] to limited reinstatement of [appellate] rights that were not resolved prior to June 17, 2013.

Brief of Appellant, at 3.

We begin by noting that this appeal presents a pure question of law, over which our standard of review is plenary. *Commonwealth v. Washington*, 142 A.3d 810, 814 (Pa. 2016).

The United States Supreme Court has held that "[w]hen a decision of this Court results in a 'new rule,' that rule applies *to all criminal cases still pending on direct review*." *Commonwealth v. Newman*, 99 A.3d 86, 90 (Pa. Super. 2014), quoting *Schriro v. Summerlin*, 542 U.S. 348 (2004). The question presented in this appeal is whether a case is considered "pending on direct review" for purposes of the application of the new rule, where the "direct review" results from the reinstatement of direct appellate rights, *nunc pro tunc*, subsequent to the date the new rule was announced. We conclude that it does.

Our Supreme Court has previously held that, where a direct appeal *nunc pro tunc* is granted, the conviction in question was never "final" for purposes of determining whether the litigant is entitled to the benefit of a new rule of law announced subsequent to his conviction. In *Commonwealth v. Johnson*, 304 A.2d 139 (Pa. 1973), the defendant was convicted of murder in 1946. He did not file an appeal. He subsequently filed a petition under the Post Conviction Hearing Act ("PCHA"), the predecessor to the PCRA, alleging, *inter alia*, that he had not been informed of his right to appeal his judgment

- 4 -

of sentence. The PCHA court denied relief but, on appeal, this Court reversed

and reinstated the defendant's appellate rights in 1970. On direct appeal,

*nunc pro tunc*, Johnson raised a claim that his confession was

unconstitutionally obtained, as it was elicited at a critical stage in the

proceedings where counsel was required under the Sixth Amendment.

Johnson's claim was based on the decision of the U.S. Supreme Court in

**Massiah v. United States**, 377 U.S. 201 (1964),[3] which was decided

approximately 18 years after Johnson was convicted.[4] In a prior collateral

_____

[3] Massiah had been indicted for violations of federal narcotics laws. He retained a lawyer, pleaded not guilty, and was released on bail. While Massiah was free on bail, a federal agent used surreptitious means to listen to incriminating statements made by him. Over Massiah's objection, evidence of these statements was introduced against him at trial. He was convicted, and the Court of Appeals affirmed. The U.S. Supreme Court reversed, holding that Massiah's Sixth Amendment right to counsel was violated where incriminating statements, deliberately obtained by federal agents after he had been indicted and in the absence of his counsel, were used against him at his trial.

[4] In a prior collateral appeal, the Court had denied Johnson relief on a claim under **Massiah**. There, while agreeing that Johnson's substantive claim possessed merit, the Court nonetheless concluded that he was not entitled to relief because his appeal was in the context of a collateral proceeding. The Court relied upon **United States ex rel. Allison v. State of New Jersey**, 418 F.2d 332 (3rd Cir. 1969), in which the Third Circuit Court of Appeals stated:

> The guidelines controlling the retroactive application of newly announced decisions governing criminal procedure . . . lead us to conclude that the rule of **Massiah** may not be utilized to attack convictions which have cleared the appellate courts on direct appeal before the date of the decision or where no appeal was taken.

**Johnson**, 304 A.2d at 141, quoting **Allison**, 418 F.2d at 336.

appeal, the Court had denied Johnson relief under **Massiah**. While agreeing

that Johnson's substantive claim under **Massiah** possessed merit, the Court

nonetheless concluded that he was not entitled to relief because his appeal

was in the context of a collateral proceeding. Because he was now on direct

appeal, *nunc pro tunc*, Johnson argued that he was entitled to relief under

**Massiah**.

The Supreme Court agreed, citing its prior decision in **Commonwealth

ex rel. Smith v. Meyers**, 261 A.2d 550 (Pa. 1970). There, the Court

> allowed a direct appeal *nunc pro tunc* to a defendant convicted of
> first degree murder in 1948 under the felony murder doctrine.
> The defendant in that case had been involved in an armed robbery
> with two other men, during which a policeman was shot and killed.
> All three were convicted of murder, but Smith, the appellant, alone
> filed neither post-trial motions nor an appeal. Eighteen years
> later, Smith filed a habeas corpus petition, which eventually
> resulted in this Court granting him a direct appeal *nunc pro tunc*.
> On this appeal, Smith sought to avail himself of this Court's ruling
> in **Commonwealth v. Redline**, [] 137 A.2d 472 ([Pa.] 1958),
> which was decided ten years subsequent to Smith's conviction by
> the trial court. Smith's two co-felons had also attempted to avail
> themselves of the **Redline** decision on habeas corpus petitions
> and had been denied relief by the court. [] However, the court
> ruled that Smith[,] unlike his co-felons[,] would be able to avail
> himself of the **Redline** rule. In distinguishing the situation of
> Smith from that of his co-felons, the court stated:
>
>> All three of those cases, however, were collateral attacks on
>> the convictions. By contrast, the instant case is on [d]irect
>> appeal. Although in the three collateral attack cases, we
>> spoke of the law as it existed at the time of the relator's
>> 'conviction', we were not at that time faced with a situation
>> where the conviction had not yet become final, as here.
>> Hough's conviction had become final as a result of his
>> appeal, and Almeida's became final by virtue of his failure
>> to take an appeal. In contrast, here, Smith's conviction is
>> not final, as he is on direct appeal. No one would suggest

that this Court would be violating any settled principles of law by making a change in the law and reversing a conviction, even though the law at the time of conviction supported the conviction. This has occurred innumerable times, in practically every landmark constitutional criminal case. Nor should the result be any different where the appeal is *nunc pro tunc* rather than immediately after conviction.

[**Smith**,] 261 A.2d 550 at 559.

**Commonwealth v. Johnson**, 304 A.2d 139, 141 (Pa. 1973) (emphasis added).

Likewise, here, although Ranger's conviction occurred in 2011 and he did not file an appeal until his rights were reinstated in 2015, his judgment of sentence was not final at the time the decision in **Alleyne** was announced, as he subsequently was granted a direct appeal *nunc pro tunc*. Accordingly, Ranger is entitled to the benefit of **Alleyne**.

The Commonwealth's arguments against the grant of relief are unavailing. First, it claims that "the PCRA court no longer had jurisdiction to [consider] the instant petition as the petition was not filed within a year from sentencing." Brief of Appellant, at 8. This claim is patently meritless. The one-year time limit for filing a timely PCRA is not triggered by the imposition of sentence, but rather the exhaustion of a petitioner's direct appellate rights. **See** 42 Pa.C.S.A. § 9545(b) ("Any [PCRA] petition . . . shall be filed within one year of the date the judgment becomes final[.] . . . [A] judgment becomes final <u>at the conclusion of direct review</u> . . . or at the expiration of time for seeking the review.") (emphasis added). Here, our Supreme Court denied Ranger's petition for allowance of appeal on September 29, 2015, and he filed

the instant PCRA petition on July 27, 2016, less than ten months later. Accordingly, his petition is timely under section 9545(b) and no relief is due.

Second, the Commonwealth posits that Ranger is not entitled to retroactive application of *Alleyne* because his judgment of sentence became final prior to the date *Alleyne* was decided and the case has not been held to apply retroactively.  However, as we discussed above, pursuant to *Smith* and *Johnson*, Ranger's judgment of sentence was <u>not</u> final at the time *Alleyne* was decided, as his direct appellate rights were subsequently reinstated. Moreover, although Ranger did not raise an *Alleyne* claim on direct appeal, *nunc pro tunc*, his claim is not waived, as an *Alleyne* claim implicates the legality of a sentence and is, thus, not subject to waiver.[5]  *Newman*, *supra*. Ranger raised his *Alleyne* claim in a timely-filed PCRA petition and the PCRA court did not err in granting him relief.

Order affirmed.

---

[5] At Ranger's 2015 PCRA hearing, the parties purported to stipulate that the scope of Ranger's *nunc pro tunc* appeal would be limited to the issue he could have raised on allowance of appeal in 2012 and that Ranger would not be allowed to benefit from the delay by raising an *Alleyne* claim.  However, such an agreement would be tantamount to a waiver of an illegal sentencing claim. Such claims are not subject to waiver and may, in fact, be raised *sua sponte* by the court.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/19/2018