J-A24045-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DAVID HOLLOWAY | : | |
| | : | |
| Appellant | : | No. 2243 EDA 2020 |

Appeal from the PCRA Order Entered November 4, 2020
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0508761-2006

BEFORE: LAZARUS, J., DUBOW, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.:                **FILED OCTOBER 4, 2021**

David Holloway (Holloway) appeals from the November 4, 2020 order of the Court of Common Pleas of Philadelphia County (PCRA court) dismissing his petition filed pursuant to the Post-Conviction Relief Act[1] (PCRA) without a hearing. We vacate the order and remand for further proceedings.

Only a brief procedural history is necessary to our disposition. In 2008, Holloway was convicted following a jury trial of three counts of attempted murder, four counts of aggravated assault, and one count each of conspiracy, possessing an instrument of crime and carrying a firearm without a license.[2]

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541 *et seq*.

[2] 18 Pa.C.S. §§ 901(a), 2702(a), 903(a)(1), 907(a) & 6106(a)(1).

He was sentenced to an aggregate term of 47 to 107 years' imprisonment. After his direct appeal rights were reinstated *nunc pro tunc*, this Court affirmed the judgment of sentence and our Supreme Court denied further review. ***Commonwealth v. Holloway***, 2104 EDA 2010, at *15 (Pa. Super. Feb. 1, 2012), *allocatur denied*, 63 A.3d 1244 (Pa. 2013) (table).

Holloway filed a timely first PCRA petition raising claims of ineffective assistance of counsel and challenging the legality of his sentence. The PCRA court granted relief on the sentencing claim and resentenced Holloway in December 2017. The PCRA court vacated Holloway's sentence for conspiracy to commit murder and resentenced him for the lesser offense of conspiracy to commit aggravated assault.[3] The sentence remained the same in all other respects. Holloway timely appealed and this Court again affirmed the judgment of sentence. ***Commonwealth v. Holloway***, 4012 EDA 2017, at *3 (Pa. Super. Aug. 29, 2019), *allocatur denied*, 224 A.3d 365 (Pa. Feb. 4, 2020) (table). Our Supreme Court denied his petition for allowance of appeal on February 4, 2020.

On March 11, 2020, Holloway filed the instant petition. He pled, *inter alia*, that prior counsel were ineffective for failing to challenge the imposition of consecutive sentences for multiple inchoate crimes. He requested that the

---

[3] Holloway had originally been sentenced to 8 to 20 years' incarceration to be served consecutively on the conspiracy charge. The PCRA court resentenced him to 5 to 10 years' incarceration to be served concurrently.

PCRA court appoint counsel and grant an evidentiary hearing on the claims. He filed an amended petition on June 30, 2020, arguing that prior counsel were ineffective for failing to file a post-sentence motion or argue on direct appeal that his consecutive sentences for attempted murder and aggravated assault should have merged. On August 7, 2020, he filed a second amended petition raising claims related to ineffective assistance of trial and prior PCRA counsel related to the jury trial proceedings. He again requested that counsel be appointed to assist him in litigating his claims. Finally, on August 10, 2020, Holloway filed a motion for appointment of counsel arguing that he was entitled to counsel because his petition should be considered a timely first PCRA petition.[4]

On September 15, 2020, the PCRA court issued a notice of intent to dismiss the petition without a hearing on the basis that it was untimely, and that Holloway had failed to plead and prove an exception to the PCRA's jurisdictional time-bar. Holloway filed a timely response to the notice arguing that his petition was a first timely PCRA petition following his resentencing hearing, and that the PCRA court had erred in failing to appoint counsel to represent him. The PCRA court dismissed the petition and Holloway timely appealed. The PCRA court did not order Holloway to file a concise statement

---

[4] The Commonwealth did not file a response to any of the pleadings.

pursuant to Pa. R.A.P. 1925, but issued an opinion pursuant to that rule explaining that it dismissed the petition as untimely.

We only address Holloway's first issue on appeal, as it is dispositive. Holloway argues that the PCRA court erred in failing to appoint counsel to represent him in these proceedings, as it was a timely first PCRA petition following his resentencing proceedings.[5]  We agree.[6]

It is well-established that an indigent petitioner is entitled to the appointment of counsel for the purposes of litigating his first PCRA petition. **See** Pa.R.Crim.P. 904(C).  The question of whether a petitioner is entitled to counsel is separate from the question of whether he is entitled to relief, and counsel must be appointed for a first PCRA petition "despite any apparent untimeliness of the petition or the apparent noncognizability of the claims presented." **Commonwealth v. Evans**, 866 A.2d 442, 445 (Pa. Super. 2005) (citation & emphasis omitted).  A petitioner may require the assistance of

_____

[5] "Our standard of review of a trial court order granting or denying relief under the PCRA calls upon us to determine 'whether the determination of the PCRA court is supported by the evidence of record and is free of legal error.'" **Commonwealth v. Barndt**, 74 A.3d 185, 191-92 (Pa. Super. 2013) (citation omitted).  "This Court analyzes PCRA appeals in the light most favorable to the prevailing party at the PCRA level.  Our review is limited to the findings of the PCRA court and the evidence of record[.]" **Commonwealth v. Rigg**, 84 A.3d 1080, 1084 (Pa. Super. 2014) (citations and internal quotation marks omitted).

[6] On appeal, the Commonwealth agrees that the case should be remanded for the appointment of counsel.  **See** Commonwealth's Brief at 9-10.

counsel in order to prove that a timeliness exception applies to a claim that appears facially untimely.  *Id.* at 446.

In its opinion pursuant to Pa. R.A.P. 1925(a), the PCRA court concluded that the instant petition was untimely because Holloway's judgment of sentence became final in 2013 at the conclusion of his direct appeal proceedings following his first sentencing hearing.  Opinion, 4/29/21, at unnumbered 2-4).  For the following reasons, we disagree.

"A PCRA petition, including a second and subsequent petition, shall be filed within one year of the date the underlying judgment becomes final." *Commonwealth v. Graves*, 197 A.3d 1182, 1185 (Pa. Super. 2018) (citation omitted); *see also* 42 Pa.C.S. § 9545(b)(1).  "[A] judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review."  42 Pa.C.S. § 9545(b)(3); *see Commonwealth v. Andrews*, 195 A.3d 917, 921 (Pa. Super. 2018). However, when a PCRA petitioner is granted relief in the form of a new sentencing hearing, a subsequent petition raising claims for relief related to resentencing is timely if filed within one year of when the newly-imposed sentence became final.  *See Commonwealth v. Lesko*, 15 A.3d 345, 374 (Pa. 2011).

Here, Holloway was resentenced in December 2017.  He filed a direct appeal to this Court and subsequent petition for allowance of appeal in our

Supreme Court, which was denied on February 4, 2020. ***Commonwealth v. Holloway***, 4012 EDA 2017, at *3 (Pa. Super. Aug. 29, 2019), *allocatur denied*, 224 A.3d 365 (Pa. Feb. 4, 2020) (table). As a result, the instant petition filed in March 2020 is a timely first PCRA petition because it raises claims related to the legality of his sentence and ineffective assistance of counsel in failing to challenge the legality of his sentence.[7] ***Lesko***, ***supra***. Holloway is, thus, entitled to the appointment of counsel. ***See*** Pa.R.Crim.P. 904(C). Accordingly, we vacate the order denying Holloway's petition and remand for the appointment of counsel and further proceedings in accordance with the PCRA. ***Evans***, ***supra***.

Order vacated. Case remanded for additional proceedings consistent with this memorandum. Jurisdiction relinquished.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/4/2021

_____

[7] We do not consider the timeliness of Holloway's additional claims, as such an analysis would be premature in light of our remand for the appointment of counsel to review the case and litigate the petition. ***Evans***, ***supra***.

- 6 -