J-S12025-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :  IN THE SUPERIOR COURT OF
                                              :  PENNSYLVANIA
                                              :
                     v.                          :
                                              :
                                              :
TERRANCE HEYWARD,              :
                                              :
              Appellant         :  No. 786 EDA 2019

Appeal from the PCRA Order Entered March 5, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0004475-2011

BEFORE:  SHOGAN, J., McCAFFERY, J., and COLINS, J.[*]

MEMORANDUM BY McCAFFERY, J.:         **FILED APRIL 17, 2020**

Terrance Heyward (Appellant) appeals *pro se* from the order entered in the Philadelphia Court of Common Pleas, dismissing his timely petition filed pursuant to Post Conviction Relief Act[1] (PCRA). Appellant presents numerous issues pertaining to his jury trial — including claims of **Brady**[2] and

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.  As we discuss **infra**, the order was entered after the PCRA court permitted Appellant's counsel to withdraw from representation pursuant to **Turner**/**Finley**.  **See Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

[2] **Brady v. Maryland**, 373 U.S. 83 (1963).

Confrontation Clause[3] violations, misconduct by the former Philadelphia District Attorney, and omissions in the trial court's jury instructions — as well as claims of ineffective assistance of counsel. We affirm.

Appellant was charged with fatally shooting Hasson Walker (the victim) inside Gorman's Tavern in Philadelphia on February 23, 2006. This Court previously summarized:

> Joel Gardner, who was inside the bar at the time of the shooting, [told police the following day] that he could not see who shot [the victim]. However, he indicated that before the shooting, he saw Bobby Mincey and "Black," a nickname for Appellant, outside . . . the bar. Gardner stated that although Appellant was wearing a hoody pulled up tight against his face, he was still able to recognize Appellant. Gardner further identified Appellant as "Black" from among several photographs presented to him by police. In [a] second statement to police, on March 28, 2006, Gardner stated that he "saw 'Black' shoot [the victim]." N.T. Trial Vol. 2, 6/21/12, at 82-83. When asked whether he was sure that Black was the shooter, Gardner responded, "Yes." *Id.* at 86. At trial, [however,] Gardner denied making the second statement identifying Appellant as the shooter.
>
> Mincey, who was outside of the bar with Appellant before the shooting, [initially told police about] a dispute between Appellant and [the victim]. Mincey acknowledged that he was with Appellant outside the bar, but stated that he went inside the bar and then went to the bathroom to smoke marijuana. Mincey exited the bathroom after hearing gunshots and heard Gardner state, "Black did that shit[.]" N.T. Trial Vol. 1, 6/20/12, at 113. [At trial,] Mincey also recanted [this] statement[,] asserting he was threatened by police when giving his second statement.

---

[3] The Sixth Amendment to the United States Constitution guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him." U.S. Const., Amend. VI.

*Commonwealth v. Heyward*, 2850 EDA 2015 (unpub. memo.) at 1-2 (Pa. Super. Feb. 27, 2018) (affirming judgment of sentence on direct appeal).

This matter proceeded to a jury trial. On June 27, 2012, the jury found Appellant guilty of first-degree murder[4] and firearm offenses.[5] That same day, the trial court imposed a sentence of life imprisonment without parole for the murder conviction, and a concurrent 2½ to 5 years' imprisonment for firearms not to be carried without a license. Appellant filed a timely post-sentence motion, challenging the weight and sufficiency of the evidence identifying him as the shooter. The trial court denied the motion. We note Appellant was represented by counsel (Trial Counsel) at trial and in his post-sentence motion.

On June 28, 2013, Appellant filed a timely *pro se* PCRA petition. The trial court appointed new counsel (Appeal Counsel) and, on September 18, 2015, reinstated Appellant's direct appeal rights *nunc pro tunc*. Initially, this Court dismissed Appellant's appeal because Appeal Counsel failed to file a brief, but subsequently granted Appellant's application to reinstate the appeal. On February 27, 2018, this Court affirmed the judgment of sentence, denying relief on Appellant's sole claim — a challenge to the sufficiency evidence,

---

[4] 18 Pa.C.S. § 2502(a).

[5] 18 Pa.C.S. §§ 907(a) (possessing instrument of crime), 6106 (firearms not to be carried without a license), 6108 (carrying firearms on public streets in Philadelphia).

specifically relating to witness Gardner's identifying him as the shooter. Appellant did not seek allowance of appeal with the Pennsylvania Supreme Court.

Appellant filed the instant timely *pro se* PCRA petition on May 4, 2018,[6] averring, *inter alia*: (1) in 2011, the Philadelphia District Attorney's (DA's) Office was led "by convicted, corrupt D.A. Seth Williams;" (2) at the preliminary hearing, the assistant district attorney (ADA) admitted a witness (not identified by Appellant) lied to police; (3) Appeal Counsel was ineffective for failing to file a timely brief; and (4) Appellant had newly discovered evidence of "corruption against all named in the motion [sic] for new trial." Appellant's PCRA Petition, 5/4/18, at 1-2. On August 29, 2018, Appellant filed

---

[6] As Appellant's prior PCRA petition, filed on June 28, 2013, resulted in the reinstatement of his direct appeal rights *nunc pro tunc*, we do not consider it when reviewing the timeliness of the instant PCRA petition. ***See Commonwealth v. Turner***, 73 A.3d 1283, 1286 (Pa. Super. 2013).

Appellant had 30 days from this Court's affirmance of the judgment of sentence — or until March 29, 2018 — to seek allowance of appeal with our Supreme Court. When he did not, his judgment of sentence for PCRA purposes became final on that day. ***See*** 42 Pa.C.S. § 9545(b)(3) (judgment becomes final at conclusion of direct review, including discretionary review in Supreme Court of Pennsylvania, or at expiration of time for seeking the review); Pa.R.A.P. 1113(a) (petition for allowance of appeal shall be filed with Pennsylvania Supreme Court within 30 days after entry of Superior Court order). Appellant then generally had one year, or until March 29, 2019, to file a PCRA petition. ***See*** 42 Pa.C.S. § 9545(b)(1) (generally, PCRA petition shall be filed within one year of date judgment becomes final). Appellant's May 4, 2018, petition was thus timely filed. ***See id.***

a *pro se* supplemental PCRA petition, which further alleged Trial Counsel was ineffective for failing to call Josetta Admiral to testify at trial.[7] Appellant averred Admiral had told police she saw two individuals wearing black hoodies inside the bar at the time of the shooting. Appellant's Supplemental PCRA Petition, 8/29/18, at 1-2.

Thereafter, the PCRA court appointed James Lammendola, Esquire (PCRA Counsel), to represent Appellant. On November 15, 2018, PCRA Counsel filed a ***Turner*/*Finley*** letter and motion to withdraw from representation. On December 12th, the trial court issued a Pa.R.Crim.P. 907 notice to dismiss Appellant's petition without a hearing. Appellant filed a *pro se* response, and the court, having agreed with PCRA Counsel's ***Turner*/*Finley*** letter, dismissed his PCRA petition on March 5, 2019. The court also granted PCRA Counsel permission to withdraw. Order, 3/5/19. Appellant filed a timely *pro se* notice of appeal.[8]

Appellant's statement of questions involved presents 27 issues for our review, many of which overlap and are repetitive. Appellant's Brief at 2-6.

---

[7] On appeal, however, Appellant has abandoned a claim that Trial Counsel was ineffective for failing to call Admiral as a witness. Instead, he avers "the Commonwealth suppressed" Admiral's testimony, resulting in ***Brady*** and Confrontation Clause violations. Appellant's Brief at 3, 5, 12, 16, 20.

[8] The PCRA court did not require Appellant to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal. Nevertheless, Appellant filed a *pro se* concise statement on May 7, 2019.

Preliminarily, we note a general lack of clarity; for example, many of Appellant's claims refer vaguely to "witnesses" without identifying them.[9] Nevertheless, by comparing his argument to PCRA Counsel's **Turner**/**Finley** letter and the PCRA court's opinion, which provide context and explanation for Appellant's claims, we are able to discern the issues Appellant wishes to raise on appeal.

First, Appellant avers the prosecution committed **Brady**[10] violations by: (1) misrepresenting at the preliminary hearing that witness Gardner had no criminal history, when Gardner had convictions in 1997 and 2000, as well as "violent criminal charges . . . in 2006, which were pending then suddenly dismissed at the same time he [gave] his statement to the police[;]" (2) failing to disclose "any deals or promises given to" Gardner; (3) failing to disclose "other witnesses['] statement[s] that were given to police" and failing to call these witnesses at trial; and (4) withholding Josetta Admiral's statement to police "that there were over [20] people at the bar [on] the day of the incident, which [gave rise] to the defense of 'Alternative Suspects.'" Appellant's Brief

---

[9] **See Commonwealth v. Adams**, 882 A.2d 496, 498 (Pa. Super. 2005) ("Although this Court is willing to liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon the appellant.").

[10] **See Commonwealth v. Cousar**, 154 A.3d 287, 301 (Pa. 2017) ("To succeed on a **Brady** claim, the defendant must show: (1) evidence was suppressed by the prosecution; (2) the evidence, whether exculpatory or impeaching, was favorable to the defendant; and (3) prejudice resulted.").

at 11, 14-15, 18, 20. Appellant avers a claim of a ***Brady*** violation is not waivable. ***Id.*** at 11. We disagree.

Section 9544(b) of the PCRA provides that "an issue is waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state post[-]conviction proceeding." 42 Pa.C.S. § 9544(b). ***See also Cousar***, 154 A.3d at 301-02 (Pennsylvania Supreme Court has deemed ***Brady*** claims waived on PCRA appeal (1) for failure to raise them at trial or on direct appeal; (2) where it could have been raised in an earlier proceeding; and (3) where petitioner failed to show evidence was not available at trial or counsel could not have uncovered it with reasonable diligence) (citations omitted). Appellant presents no argument he could not have raised these ***Brady*** claims before the trial court or on direct appeal, and thus they are waived for our review. ***See*** 42 Pa.C.S. § 9544(b); ***Cousar***, 154 A.3d at 301-02.

Next, we consider Appellant's claims pertaining to various aspects of his trial. He alleges his rights under the Confrontation Clause were violated when the Commonwealth did not call: (1) two detectives, Mosley and Spotwood, who took statements from the witnesses Gardner and Mincey; or (2) Josetta Admiral. Appellant's Brief at 2-3, 12. He also alleges the prosecutor committed misconduct by improperly referring to the victim's family members, who were present and crying in the courtroom. ***Id.*** at 3, 13. Appellant contends these remarks "play[ed] to the jury's sympathy for [the] victim[']s

family" and formed in the juror's minds "a fixed [bias] and [h]ostility towards" him. *Id.* at 13. Finally, Appellant claims the trial court failed to give "a cautionary instruction on identification, after the eyewitness recanted his statement on the trial court record." *Id.* at 4, 18. We likewise deem all of these issues waived for PCRA review, as they could have been raised at or following trial, or on direct appeal. *See* 42 Pa.C.S. § 9544(b).

Next, Appellant repeatedly alleges former Philadelphia District Attorney

> Seth Williams was in[ ] charge of the filing and maintaining of the charges against [A]ppellant while committing crimes under the color of state law in violation of ABA Standards Section: 3-1.4 by allowing the witness Joel Gardner[ ] to give Conflicting statements at the police homicide unit then a total[ly] different statement/testimony at trial[.]

Appellant's Brief at 10, 19. This issue challenges both the conduct (referred to in broad terms) of former DA Williams and the Commonwealth's actions of purportedly "allowing" the witness Gardner to give trial testimony that was inconsistent with a prior statement. *See id.*

Section 9543(a)(2)(vi) of the PCRA provides relief when a petitioner proves his conviction resulted from "[t]he unavailability at the time of trial of exculpatory evidence that has subsequently become available and would have changed the outcome of the trial if it had been introduced." 42 Pa.C.S. § 9543(a)(2)(vi). We deny relief on Appellant's claim on the basis of the PCRA court's reasoning:

> [Appellant's] claim constitutes an after discovered evidence claim. [*See* 42 Pa.C.S. § 9543(a)(2)(vi).] To be given relief based on after discovered evidence, a petitioner must establish

- 8 -

that: (1) the evidence has been discovered after trial and it could not have been obtained at or prior to trial through reasonable diligence; (2) the evidence is not cumulative; (3) it is not being used solely to impeach credibility; and (4) it would likely compel a different verdict. ***Commonwealth v. D'Amato***, 856 A.2d 806, 823 (Pa. 2004). The evidence must be "of a nature and character that would likely result in a different verdict if a new trial were granted." ***Commonwealth v. Thompson***, 673 A.2d 357, 361 (Pa. Super. 1996).

[Appellant's] claims fail because he cannot establish that any of the alleged corruption evidence would have compelled a different verdict at his trial. . . . [A]t the time of the killing in 2006, Seth Williams was not the District Attorney and [Appellant] offers no proof of any alleged misconduct of Williams that occurred that is [in any way] connected to [Appellant's] trial in 2012. Instead, [Appellant] baldly asserts that any misconduct or corruption on the part of the District Attorney's Office . . . renders his conviction a nullity. However, having failed to show that any misconduct occurred in his case which rendered the verdict unreliable, [Appellant] cannot meet the required prongs for relief.

***See*** PCRA Ct. Op., 6/26/19, at 11-12.

Next, Appellant asserts Trial Counsel provided ineffective assistance because he filed a "defective boilerplate" post-sentence motion, lacking in legal authority, which rendered his "claims meritless and waived." Appellant's Brief at 4, 17. Appellant also avers Trial Counsel and Appeal Counsel were ineffective for not challenging his sentence under ***Alleyne v. U.S.***, 570 U.S. 99 (2013). ***Id.*** at 17-18. No relief is due.

Our review of an order dismissing a PCRA petition

is limited to the findings of the PCRA court and the evidence of record. We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error. . . . [W]here the petitioner raises questions of law, our standard of review is *de novo* and our scope of review is plenary.

- 9 -

*Commonwealth v. Rykard*, 55 A.3d 1177, 1183 (Pa. Super. 2012) (citations omitted). "To plead and prove ineffective assistance of counsel a petitioner must establish: (1) that the underlying issue has arguable merit; (2) counsel's actions lacked an objective[ly] reasonable basis; and (3) actual prejudice resulted from counsel's act or failure to act." *Id.* at 1189-90.

In claiming Trial Counsel's poor drafting of the post-sentence motion resulted in the waiver of his issues, Appellant has not established any prejudice. *See Rykard*, 55 A.3d at 1189-90. The post-sentence motion raised one issue: the sufficiency and weight of the evidence with respect to the witnesses' identification of Appellant as the shooter. The trial court denied relief on this issue, and on direct appeal, this Court addressed the merits. Thus, no relief is due on this ineffectiveness claim.

Additionally, Appellant does not provide any discussion to support his bald claim that Trial Counsel and Appeal Counsel were ineffective for not bringing an *Alleyne* challenge to his sentence. We note *Alleyne* was issued in 2013, **after** Appellant's June 2012 sentencing and filing of a post-sentence motion, but **before** his direct appeal rights were reinstated *nunc pro tunc* in September of 2015. *See Alleyne*, 570 U.S. 99. Thus, Appellant's judgment of sentence was not final at the time *Alleyne* was decided, and he was not time-barred from raising an *Alleyne* claim. *See Commonwealth v. Ranger*, 196 A.3d 237, 241 (Pa. Super. 2018).

"In *Alleyne*, the United States Supreme Court held '[a]ny fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt.'" *Commonwealth v. Ruiz*, 131 A.3d 54, 57 (Pa. Super. 2015) (citation omitted). Here, Appellant received a mandatory sentence of life imprisonment without parole for his murder conviction. Section 1102(a)(1) of the Pennsylvania Crimes Code and Section 9711(a)(1) of our Sentencing Code each provide that in non-capital cases, a conviction of murder in the first degree shall carry a sentence of life imprisonment. *See* 18 Pa.C.S. § 1102(a)(1); 42 Pa.C.S. § 9711(a)(1). Neither statute requires the sentencing court to make any factual finding beyond the conviction itself for first-degree murder, and thus *Alleyne* is not implicated. *See Commonwealth v. Resto*, 179 A.3d 18, 21 (Pa. 2018) (OAJC) ("[A] conviction returned by a jury to which a mandatory minimum sentence directly attaches is not the same as an aggravating fact that increases a mandatory minimum sentence.").

Appellant also received a concurrent sentence of 2½ to 5 years' imprisonment for firearms not to be carried without a license, graded as a felony of the 3rd degree (F3). Section 1103(3) of the Crimes Code provides that a person convicted of an F3 offense "may be sentenced to imprisonment" of "not more than seven years." 18 Pa.C.S. § 1103(3). This statute likewise does not involve any fact which increases the penalty, and thus *Alleyne* does not apply. *See Ruiz*, 131 A.3d at 57. Accordingly, Appellant cannot show his

underlying issue had arguable merit, Trial Counsel and Appeal Counsel's actions lacked an objectively reasonable basis, or that he was prejudiced by the lack of any prior ***Alleyne*** claim in this case. ***See Rykard***, 55 A.3d at 1189-90. Appellant's ineffectiveness claim thus fails.

Appellant further alleges Trial Counsel was ineffective for failing to investigate the criminal background of Commonwealth witness Gardner, and for failing to ask Gardner on cross-examination whether he was promised any favorable treatment in exchange for his testimony. Appellant's Brief at 3, 5, 13. Appellant does not present any further explanation or argument.

The PCRA court denied relief on Appellant's claim as follows:

> Gardner gave two statements to the police[. I]n the first, given on [February 24, 2006, the day after the homicide,[11]] he implicated [Appellant] in the shooting, and in the second, given March 28, 2006[,] he stated that he saw [Appellant] shoot the victim. [However, at Appellant's] trial, which occurred over 6 years later, Gardner **denied identifying [Appellant]** in his second statement.
>
> A review of Gardner's criminal record shows that [Appellant] is correct in that Gardner was charged with attempted murder on March 9, 2006. However, these charges were then dismissed for lack of evidence on June 20, 2006.
>
> [Appellant] failed to establish that his underlying claim, that Gardner should have been impeached on his criminal background, has merit. The docket charging Gardner with attempted murder was dismissed 6 years before he testified at [Appellant's] trial.

_____

[11] The PCRA court stated the date of Gardner's first statement to police was March 9, 2006. PCRA Ct. Op. at 7. However, the trial transcript indicates that Gardner testified the police visited him the day after the shooting. N.T. Trial, 6/21/12, at 60-61. ***See also Heyward***, 2850 EDA 2015 (unpub. memo. at 2) (Gardner's first statement to police was given on February 24, 2006).

[Appellant] has not established that Gardner had any open cases at the time of his trial testimony. Therefore, there was no pending criminal matter with which the Commonwealth could have given Gardner consideration . . . in exchange for his testimony against [Appellant], for which he could then be impeached.

* * *

Moreover, since Gardner could not be impeached on his previous attempted murder charge, it was reasonable for Trial Counsel to refrain from attempting to do so. Additionally [Appellant] fails to prove how he was prejudiced by . . . Trial Counsel's failure to impeach Gardner, since such an attempt would have been impermissible as there was no conviction. Moreover, such impeachment would not have benefitted [Appellant] since Gardner recanted on the witness stand and claimed that he did not see [Appellant] shoot the victim.

PCRA Ct. Op. at 7-8 (emphasis added).

On appeal, Appellant does not acknowledge, let alone refute, the PCRA court's discussion. We agree with the court's reasoning and do not disturb its denial of relief on this claim. **See Rykard**, 55 A.3d at 1189-90.

Next, Appellant contends the PCRA court erred in "allowing" PCRA Counsel to file a no-merit brief in lieu of filing an opinion and thus "abdicat[ing] the court's duty." Appellant's Brief at 2, 12. We disagree.

Although the PCRA court's order stated it was dismissing Appellant's petition "based upon [PCRA] Counsel's **Finley** letter," the court, contrary to Appellant's contention, also issued an opinion setting forth independent analyses of his PCRA issues. **See** PCRA Ct. Op. at 3-13; Order, 3/5/19. To the extent Appellant argues the court erred in granting PCRA Counsel's

petition to withdraw, no relief is due. The decisions of ***Turner***, ***Finley***, and their progeny

> mandate an independent review of the record by competent counsel before a PCRA court . . . can authorize an attorney's withdrawal. The necessary independent review requires counsel to file a "no-merit" letter detailing the nature and extent of his review and list each issue the petitioner wishes to have examined, explaining why those issues are meritless. The PCRA court . . . then must conduct its own independent evaluation of the record and agree with counsel that the petition is without merit.

***Rykard***, 55 A.3d at 1184 (citations omitted).

Here, PCRA Counsel submitted a ***Turner***/***Finley*** letter, which presented the numerous claims Appellant wished to pursue — including **all** of the issues presently raised on appeal — and explained why they were frivolous. ***See*** PCRA Counsel's Letter, 11/15/18, at 3-14. As stated above, the PCRA court independently considered these claims and determined no relief was due. Accordingly, we do not disturb the court's ruling permitting PCRA Counsel to withdraw from representation. ***See Rykard***, 55 A.3d at 1184.

In his final issue, Appellant asserts the PCRA court erred in not conducting a hearing on his PCRA petition. Appellant's Brief, *passim*.

Pennsylvania Rule of Criminal Procedure 907(1) generally provides that if a PCRA judge is satisfied, after review of a PCRA petition, the Commonwealth's answer,

> and other matters of record relating to the defendant's claim(s) . . . that there are no genuine issues concerning any material fact and that the defendant is not entitled to post-conviction collateral relief, and no purpose would be served by any further proceedings, the judge shall give notice to the parties of

the intention to dismiss the petition and shall state in the notice the reasons for the dismissal. The defendant may respond to the proposed dismissal within 20 days of the date of the notice. The judge thereafter shall order the petition dismissed, grant leave to file an amended petition, or direct that the proceedings continue.

Pa.R.Crim.P. 907(1). "There is no absolute right to an evidentiary hearing. On appeal, we examine the issues raised in light of the record 'to determine whether the PCRA court erred in concluding that there were no genuine issues of material fact and in denying relief without an evidentiary hearing.'" **Commonwealth v. Burton**, 121 A.3d 1063, 1067 (Pa. Super. 2015) (*en banc*) (citations omitted).

Here, the PCRA court issued Rule 907 notice of intent to dismiss on December 12, 2018, approximately four weeks after PCRA Counsel filed his **Turner/Finley** letter. Appellant filed a *pro se* response, and the court dismissed the PCRA petition on March 5, 2019. Appellant has not raised, and our review of the record has not uncovered, any genuine issue of material fact presented by his PCRA claims. **See Burton**, 121 A.3d at 1067. As the court's notice complied with Rule 907, we do not disturb the dismissal of Appellant's petition without a hearing.

For the foregoing reasons, we conclude the PCRA court properly dismissed Appellant's PCRA petition.

Order affirmed.

- 15 -

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/17/20