J-A29040-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SHANE DAVID RISJAN | : | |
| | : | |
| Appellant | : | No. 33 MDA 2020 |

Appeal from the Judgment of Sentence Entered June 29, 2009
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s):  CP-22-CR-0000410-2008

BEFORE:   DUBOW, J., KUNSELMAN, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:                **FILED DECEMBER 30, 2020**

Appellant, Shane David Risjan, appeals from the judgment of sentence of 10 to 20 years' imprisonment imposed by the Court of Common Pleas of Dauphin County (trial court) for the offenses of involuntary deviate sexual intercourse (IDSI) with a child, indecent assault, indecent exposure, and corruption of the morals of a minor.[1]  For the reasons set forth below, we vacate Appellant's sentence and remand for resentencing.

This case arises out of a single incident that occurred at a motel swimming pool in Hershey, Pennsylvania in 2008.[2]  Trial Court Opinion at 3-

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 3123(b), 3126 (a)(7), 3127(a), and 6301(a)(1), respectively.

[2] Since the only issue in this appeal concerns the legality of the mandatory minimum sentence that was imposed, we do not address the facts of the case.

7. Appellant was convicted by a jury of the above offenses on March 11, 2009. On June 29, 2009, the trial court sentenced Appellant to 10 to 20 years' imprisonment for the IDSI conviction, in accordance with the mandatory minimum sentence required by 18 Pa.C.S. § 9718(a)(1), (d) (in effect January 1, 2007 to August 17, 2014), and imposed concurrent sentences of 9 months to 2 years for indecent assault, 3 months to 2 years for indecent exposure, and 9 months to 2 years for corruption of the morals of a minor. N.T. Sentencing at 17-18.

Appellant's trial counsel did not file any post-sentence motion or appeal, despite the fact that he remained as counsel of record well beyond the expiration of the appeal deadline and knew that Appellant wanted to appeal. *Risjan v. Wetzel*, 2019 WL 3146207 at *2, *22-*23 (M.D.Pa. July 15, 2019). In 2012 and 2015, Appellant filed Post Conviction Relief Act (PCRA)[3] petitions, which were dismissed as untimely. *Commonwealth v. Risjan*, No. 1152 MDA 2014, unpublished memorandum at 3, 7-8 (Pa. Super. filed July 28, 2015); *Risjan v. Wetzel*, 2019 WL 3146207 at *7-*8, *10-*12. In 2015, Appellant also filed a petition for habeas corpus in the United States District Court for the Middle District of Pennsylvania. *Risjan v. Wetzel*, 2019 WL 3146207 at *9. On July 15, 2019, that court granted the petition for habeas corpus and ordered that Appellant's appeal rights be reinstated *nunc pro tunc*. *Id.* at

---

[3] 42 Pa.C.S. §§ 9541–9546.

*34-*36.  The Commonwealth, in accordance with the federal court's order, filed a motion to reinstate Appellant's post-sentence and direct appeal rights, and the trial court ordered Appellant's post-sentence and direct appeal rights reinstated *nunc pro tunc*.

Following this order, Appellant filed a post-sentence motion asserting claims concerning sufficiency of the evidence and weight of the evidence, a claim that a statement that he gave should have been suppressed because he was not given **Miranda**[4] warnings, and several claims of ineffective assistance of trial counsel.  On December 4, 2019, the trial court entered an order denying Appellant's post-sentence motion.  Trial Court Order, 12/4/19.  The trial court concluded that the evidence at trial was sufficient to support the verdict, that the verdict was not against the weight of the evidence, and that **Miranda** warnings were not required because Appellant was not in custody when he gave the statement.  Trial Court Opinion at 8-14.  The trial court held that Appellant's claims of ineffective assistance of counsel must be deferred to PCRA review under **Commonwealth v. Holmes**, 79 A.3d 562 (Pa. 2013) and did not reach the merits of those claims.  Trial Court Opinion at 15.

On January 2, 2020, Appellant timely filed the instant appeal.  In this appeal, Appellant presents only one issue:

> Where appellant was sentenced to a mandatory minimum
> sentence based upon a statute that is unconstitutional under

---

[4] **Miranda v. Arizona**, 384 U.S. 436 (1966).

> ***Alleyne v. United States***, 570 U.S. 99 (2013), should the sentence be vacated?

Appellant's Brief at 2. Although Appellant did not raise this issue in the trial court until he filed his Pa.R.A.P. 1925(b) statement, it is properly before us because it is a challenge to the legality of Appellant's sentence. ***Commonwealth v. Barnes***, 151 A.3d 121, 124, 127 (Pa. 2016); ***Commonwealth v. Ranger***, 196 A.3d 237, 241 & n.5 (Pa. Super. 2018); ***Commonwealth v. Golson***, 189 A.3d 994, 1000 (Pa. Super. 2018). A claim that a sentence is illegal is not subject to waiver and may be raised for the first time on appeal. ***Barnes***, 151 A.3d at 124, 127; ***Ranger***, 196 A.3d at 241 & n.5; ***Golson***, 189 A.3d at 1000.

Appellant argues that his sentence must be vacated because he was sentenced to a mandatory minimum sentence that is unconstitutional under the United States Supreme Court's decision in ***Alleyne*** and our Supreme Court's decision in ***Commonwealth v. Wolfe***, 140 A.3d 651 (Pa. 2016). The trial court, in its Rule 1925 opinion, agreed that Appellant's mandatory minimum sentence was unconstitutional and requested that sentence be vacated and that this case be remanded for resentencing. Trial Court Opinion at 16. The Commonwealth has also advised the Court that it "agrees that the Appellant's mandatory minimum sentence should be vacated, and the case remanded to the trial court for resentencing." Commonwealth Letter in Lieu of Brief. We likewise conclude that Appellant's mandatory minimum sentence is unconstitutional under ***Wolfe*** and must be vacated.

- 4 -

At both the time of the crime in 2008 and the time that Appellant was convicted and sentenced in 2009, Section 9718 of the Crimes Code provided that a minimum sentence of 10 years' imprisonment must be imposed for an IDSI conviction based on a finding by the trial judge by a preponderance of the evidence. 18 Pa.C.S. § 9718(a)(1), (c), (d) (in effect January 1, 2007 to August 17, 2014). The trial court sentenced Appellant to 10 to 20 years' imprisonment based on that statutory mandatory minimum. N.T. Sentencing at 2-3, 17-18.

In 2013, the United States Supreme Court held in *Alleyne* that the Sixth Amendment to the United States Constitution requires that any fact that requires imposition of a higher minimum sentence for a crime must be treated as an element of the offense, submitted to the jury, and found beyond a reasonable doubt. 570 U.S. at 102, 111-17. In 2016, our Supreme Court held in *Wolfe* that the mandatory minimum sentence for IDSI required by Section 9718(a)(1) of the Crimes Code between 2007 and 2014 is unconstitutional under *Alleyne*. 140 A.3d at 653, 660-63. Appellant's IDSI sentence, imposed under that statute, is thus plainly unconstitutional under *Wolfe*.

*Alleyne* and *Wolfe* do not apply retroactively to cases on collateral review of a mandatory minimum sentence where the defendant had exhausted his direct appeal rights before *Alleyne* was decided in 2013. *Commonwealth v. Washington*, 142 A.3d 810, 820 (Pa. 2016). Appellant's

sentence, however, is on direct appeal here, not on collateral review. *Alleyne* and its progeny apply to cases that are on direct appeal after *Alleyne* was decided, even if the trial and sentencing occurred long before *Alleyne* and the appeal was allowed *nunc pro tunc* years after the defendant was sentenced. *Ranger*, 196 A.3d at 238-40 (*Alleyne* applied to defendant who was convicted and sentenced in 2011, more than two years before *Alleyne* was decided, and who had no pending appeal at that time, where his direct appeal rights were restored in 2015 after *Alleyne*). The Supreme Court's ruling in *Wolfe* that the Section 9718(a)(1)'s mandatory minimum sentence for IDSI is unconstitutional therefore applies to Appellant's case and requires that his 10-to-20-year IDSI sentence be vacated.

Because Appellant's mandatory minimum IDSI sentence is unconstitutional, we vacate Appellant's sentence of 10 to 20 years' imprisonment and remand this case to the trial court for resentencing.

Judgment of sentence vacated. Case remanded for resentencing. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/30/2020